EMERY BARRON                          :
               Plaintiff       :
           v.                         :      No.:  2:21-CV-04801
                             :
VISIONQUEST NATIONAL, LTD.            :
               Defendant       :
_____

EDWARD RIVERS                         :
               Plaintiff       :
                             :
           v.                         :      No.:  2:21-CV-04928
                             :
VISIONQUEST NATIONAL, LTD.            :
               Defendant       :
_____

SHELDON GREGORY                       :
               Plaintiff       :
                             :
           v.                         :      No. 2:21-CV-04929
                             :
VISIONQUEST NATIONAL, LTD             :
               Defendant       :
_____

ROBERT HARRIS, III                    :
                Plaintiff       :
                             :
           v.                         :      No.:  2:21-CV-04938
                             :
VISIONQUEST NATIONAL, LTD.            :
               Defendant       :
_____

RUSSELL MEYER                         :
                Plaintiff       :
                             :
           v.                         :      No.:  2:21-CV-04940
                             :
VISIONQUEST NATIONAL, LTD             :
               Defendant       :

ADRIAN BOXLEY :
        Plaintiff :
:
        v. : No.: 2:22-CV-00380
:
VISIONQUEST NATIONAL, LTD. :
        Defendant :

_____

RAFAEL VAZQUEZ :
        Plaintiff :
: No.: 2:22-CV-00410
        v. :
:
VISIONQUEST NATIONAL, LTD. :
        Defendant :

_____

STEVEN WALLACE :
        Plaintiff :
: No.: 2:22-CV-00411
        v. :
:
VISIONQUEST NATIONAL, LTD. :
        Defendant :

_____

AARON PITTS :
        Plaintiff :
: No.: 2:22-CV-00680
        v. :
:
VISIONQUEST NATIONAL, LTD. :
        Defendant :

_____

ALIM FOSTER :
        Plaintiff :
: No.: 2:22-CV-00682
        v. :
:
VISIONQUEST NATIONAL, LTD. :
        Defendant :

_____

CHRISTOPHER HERD          :
                 Plaintiff     :
                              :
          v.                  :          No. 2:22-CV-00976
                              :
VISIONQUEST NATIONAL, LTD. :
                 Defendant     :
_____

MICHAEL SHIELDS            :
                 Plaintiff     :
                              :          No. 2:22-CV-00981
          v.                  :
                              :
VISIONQUEST NATIONAL, LTD. :
                 Defendant     :
_____

EUGUENE MINCY             :
                 Plaintiff     :
                              :
          v.                  :          No.: 2:22-CV-01047
                              :
VISIONQUEST NATIONAL, LTD. :
                 Defendant     :
_____

HAKIM HAYES               :
                 Plaintiff     :
                              :          No.: 2:22-CV-01264
          v.                  :
                              :
VISIONQUEST NATIONAL, LTD. :
_____

## **JOINT MOTION TO CONSOLIDATE ACTIONS**

Each of the Plaintiffs above, by and through their attorneys D. Wesley Cornish, Esq. and

Martin G. Rubenstein, Esq., and Defendant, VisionQuest National, LTD, (hereinafter

"VisionQuest") by and through its attorneys, Deasey, Mahoney & Valentini LTD, hereby submit

the following Joint Motion to Consolidate Actions, for purposes of discovery and pre-trial

disposition only, pursuant to Federal Rule of Civil Procedure 42(a), and in support thereof,

submit the attached Memorandum of Law in Support of such Joint Motion, which is incorporated herein as if fully set forth herein at length.

WHEREFORE, all Counsel respectfully request this Honorable Court enter an Order consolidating these actions for in the form attached.

Respectfully submitted,

**DEASEY, MAHONEY & VALENTINI, LTD.**

BY :/s Gerald J. Valentini, Esq.
GERALD J. VALENTINI, ESQUIRE
Attorneys for Defendant,
*VisionQuest National, Ltd.*

BY : /s D. Wesley Cornish, Esq.
D. WESLEY CORNISH, ESQUIRE
Cornerstone Legal Group
Attorney for Plaintiffs,
*Emery Barron, Adrian Boxley, Alim Foster,*
*Sheldon Gregory, Robert Harris III, Hakim*
*Hayes, Christopher Herd, Russell Meyer,*
*Eugene Mincy, Aaron Pitts, Edward Rivers,*
*Michael Shields, Rafael Vazquez and Steven*
*Wallace*

BY : /s Martin G. Rubenstein, Esq.
MARTIN G. RUBENSTEIN, ESQUIRE
Levy, Baldante, Finney & Rubenstein, P.C.
Attorney for Plaintiff,
*Adrian Boxley*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMERY BARRON :
    Plaintiff :
  v. : No.: 2:21-CV-4801
           :
VISIONQUEST NATIONAL, LTD :
    Defendant :
_____

EDWARD RIVERS :
    Plaintiff :
           :
  v. : No.: 2:21-CV-04928
           :
VISIONQUEST NATIONAL, LTD. :
    Defendant :
_____

SHELDON GREGORY :
    Plaintiff :
           :
  v. : No.: 2:21-CV-04929
           :
VISIONQUEST NATIONAL, LTD. :
    Defendant :
_____

ROBERT HARRIS, III :
    Plaintiff :
           :
  v. : No.: 2:21-CV-04938
           :
VISIONQUEST NATIONAL, LTD. :
    Defendant :
_____

RUSSELL MEYER :
    Plaintiff :
           :
  v. : No.: 2:21-CV-04940
           :
VISIONQUEST NATIONAL, LTD. :
    Defendant :
_____:

ADRIAN BOXLEY :
        Plaintiff :
        :
       v. : No.: 2:22-CV-00380
        :
VISIONQUEST NATIONAL, LTD. :
        Defendant

_____

RAFAEL VAZQUEZ :
        Plaintiff :
        : No.: 2:22-CV-00410
       v. :
        :
VISIONQUEST NATIONAL, LTD. :
        Defendant :

_____

STEVEN WALLACE :
        Plaintiff :
        : No.: 2:22-CV-00411
       v. :
        :
VISIONQUEST NATIONAL, LTD. :
        Defendant :

_____

AARON PITTS :
        Plaintiff :
        : No.: 2:22-CV-00680
       v. :
        :
VISIONQUEST NATIONAL, LTD. :
        Defendant :

_____

ALIM FOSTER :
        Plaintiff :
        : No.: 2:22-CV-00682
       v. :
        :
VISIONQUEST NATIONAL, LTD. :
        Defendant :

_____

CHRISTOPHER HERD :
          Plaintiff :
           :
       v. : No.: 2:22-CV-00976
           :
VISIONQUEST NATIONAL, LTD. :
          Defendant :
_____

MICHAEL SHIELDS :
          Plaintiff :
           : No. 2:22-CV-00981
       v. :
           :
VISIONQUEST NATIONAL, LTD. :
          Defendant :
_____

EUGUENE MINCY :
          Plaintiff :
           :
       v. : No. 2:22-CV-01047
           :
VISIONQUEST NATIONAL, LTD. :
          Defendant :
_____

HAKIM HAYES :
          Plaintiff :
           : No.: 2:22-CV-01264
       v. :
           :
VISIONQUEST NATIONAL, LTD. :
_____

<u>**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO CONSOLIDATE
ACTIONS**</u>

## I.    Introduction

Pursuant to Federal Rule of Civil Procedure 42, the parties now move to consolidate the

following fourteen (14) actions:

1. *Barron v. VisionQuest National, LTD*, No. 2:21-cv-04801-GAM[1],

2. *Rivers v. VisionQuest National, LTD*, No. 2:21-cv-04928-PD,

3. *Gregory v. VisionQuest National, LTD*, No. 2:21-cv-04929-HB,

4. *Harris, III v. VisionQuest National, LTD*, No. 2:21-cv-04938-JMY,

5. *Meyer v. VisionQuest National, LTD*, No. 2:21-cv-04940-GEKP

6. *Boxley v. VisionQuest National, LTD*. No. 2:22-cv-00380-GEKP

7. *Vazquez v. VisionQuest National, LTD*. No. 2:22-cv-00410-KSM

8. *Wallace v. VisionQuest National, LTD*. No. 2:22-cv-00411-MSG

9. *Pitts v. VisionQuest National, LTD*. No. 2:22-cv-00680-AB

10. *Foster s v. VisionQuest National, LTD*. No. 2:22-cv-00682-JDW

11. *Herd v. VisionQuest National, LTD*. No. 2:22-cv-00976-AB

12. *Shields v. VisionQuest National, LTD*. No. 2:22-cv-00981-JS

13. *Mincy v. VisionQuest National, LTD*. No. 2:22-cv-01047-JHS

14. *Hayes v. VisionQuest National, LTD*. No. 2:22-cv-01264[2]

---

[1]    *Barron v. VisionQuest*, (Docket No.: 2:21-cv-04801) was the first action to be removed to the U.S.D.C. for the Eastern District of Pennsylvania.

[2]  There are currently two other actions currently pending in Chester County Court of Common Pleas captioned, *Antoine Coleman v. VisionQuest National, Ltd*., Docket No.: 2022-01698-TT, and *Carlos Valentine v. VisionQuest National, Ltd*., Docket No. 2022-02260-tt which are expected to soon be removed to Federal Court and will be joined in defendants' Motion to Consolidate.

Attached hereto and incorporated by reference are true and correct copies of the Amended and Proposed Amended Complaints filed for each of the foregoing actions, marked as Exhibits A through N, respectively.  In each of the foregoing Complaints and Amended Complaints, Plaintiff alleges sexual abuse at one or more of Defendant's facilities. Common among all the Complaints are allegations each Plaintiff was, at least initially, housed for classification and assignment purposes at Defendant's facility located in Embreeville, PA.

For the reasons set forth below, consolidation of these actions *for purposes of discovery and pre-trial disposition only*, is appropriate because: (1) there are common factual and legal issues substantially overlapping these cases; (2) all parties desire to have a unified approach to the litigation, including the establishment of an Omnibus Case Management Order, applicable to all discovery in these actions, in addition to uniformity for all rulings with respect to dispositive motions; (3) consolidation for pre-trial purposes will minimize the burden on the court by eliminating the need for each of the individual judges currently assigned to these actions to establish individual case management orders and/or to decide individual dispositive motions, thereby promoting judicial economy; (4) consolidation for pre-trial purposes will minimize, and likely eliminate, duplicity of activities for the parties, such as interrogatories, document productions and depositions of common witnesses, thus promoting comity, and saving time, money and effort for the litigants; (5) all of the cases will be governed by Pennsylvania law; (6) most of the cases have the same lead Plaintiff attorney; (7) all of the cases have been filed against the same (sole) Defendant, VisionQuest; (8) all of the cases have the same Defense attorneys representing Defendant, VisionQuest; (9) all the attorneys in all cases desire to work cooperatively to minimize the effort and expense necessary to prosecute and defend the actions; and  (10) consolidation will promote convenience to the litigants and witnesses, and will promote

judicial economy. For these reasons, and as explained more fully below, the parties respectfully move this Court to exercise its discretion to consolidate these cases for purposes of discovery and pre-trial disposition only.

## II. Legal Standard

Fed. R. Civ. Proc. 42(a) allows for the consolidation of cases involving common questions of law or fact, and provides:

If actions before the Court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

Fed.R.Civ.P. 42(a).

The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried, so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971).

Consolidation is at the discretion of the trial court, and should be permitted where the consolidation of separate actions presenting common questions of law or fact will promote convenience and economy in judicial administration. *Graphic Arts Int'l Union v. Haddon Craftsmen, Inc.*, 489 F. Supp. 1088, 1091 n. 1 (E.D. Pa. 1979).

## III. Argument

The parties hereby move for the consolidation of these fourteen (14) cases, ***for discovery and pre-trial disposition only,*** for several reasons. All fourteen (14) cases involve common questions of fact and law. Each plaintiff alleges that Defendant's facility(ies) housed juveniles who were court-ordered to reside there after being adjudicated by certain Courts. Each plaintiff

alleges that he was court-ordered to be housed at Defendant's facility(ies) as a juvenile, and while there, each plaintiff was allegedly subjected to sexual abuse by certain staff members who were employed by the Defendant. And, importantly, each plaintiff alleges that, at least initially, he was housed for classification and assignment purposes at Defendant's facility located in Embreeville, PA. Therefore, there are common factual allegations among all fourteen (14) plaintiffs.

Further, each case will be governed by Pennsylvania law and will involve common legal issues. Each case also involves the same lead Plaintiff attorneys and Defense attorneys in each matter. For this reason, counsel for the parties have already been working cooperatively toward a common goal of developing an Omnibus Case Management Order that would be applicable to all cases. However, an Omnibus Case Management Order should be entered and enforced by a single judge, who would oversee every consolidated case. Furthermore, every case involves common allegations; namely, claims of abuse of Plaintiffs at Defendant VisionQuest's facilities. Therefore, these cases will have a substantial overlap of facts, discovery, witnesses and evidence.

In addition, consolidating these cases will promote convenience of the parties and witnesses and judicial economy. Convenience will be promoted by allowing the parties to engage in one discovery track, preventing the need for duplicate depositions, document requests, written discovery and expert witnesses. Consolidation will support judicial economy by placing the cases before one judge, allowing the parties to present legal disputes to a single judge, and allowing that to resolve those disputes in one order that is applicable to all parties. Further, consolidation before a single judge would bring uniformity to legal rulings on pre-trial dispositive motions which are anticipated in each of these cases to involve common legal issues. Such uniformity in rulings would reduce the possibility of inconsistent outcomes.

Finally, consolidation would mean fewer cases on the Court's docket, which should help conserve judicial economy and resources, a necessity at all times, but especially important now in light of the backlog in cases due to the Coronavirus pandemic.

**IV.      Conclusion**

For the foregoing reasons, the parties respectfully request that this Court grant the parties' Joint Motion to Consolidate for discovery purposes pursuant to Federal Rule of Civil Procedure 42.

Respectfully submitted,

**DEASEY, MAHONEY & VALENTINI, LTD.**

BY :/s Gerald J. Valentini, Esq.
GERALD J. VALENTINI, ESQUIRE
Attorneys for Defendant,
*VisionQuest National, Ltd.*

BY : /s D. Wesley Cornish, Esq.
D. WESLEY CORNISH, ESQUIRE
Cornerstone Legal Group
Attorney for Plaintiffs,
*Emery Barron, Adrian Boxley, Alim Foster, Sheldon Gregory, Robert Harris III, Hakim Hayes, Christopher Herd, Russell Meyer, Eugene Mincy, Aaron Pitts, Edward Rivers, Michael Shields, Rafael Vazquez and Steven Wallace*

BY : /s Martin G. Rubenstein, Esq.
MARTIN G. RUBENSTEIN, ESQUIRE
Levy, Baldante, Finney & Rubenstein, P.C.
Attorney for Plaintiff,
*Adrian Boxley*

Dated:  April 15, 2022

# EXHIBIT "A"

| | | |
|---|---|---|
| Emery Barron (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | **No. 21-cv-4801** |

## <u>AMENDED COMPLAINT</u>

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
<u>cornerstonelegalgroup@gmail.com</u>

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**<u>JURY TRIAL DEMANDED</u>**

| Emery Barron (Plaintiff), | : | **United States District Court** |
|---|---|---|
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 21-cv-4801** |

## AMENDED COMPLAINT

**AND NOW** come the Plaintiff, Emery Barron, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.  Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Barron brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II. **Parties**

5. Plaintiff, **Emery Barron** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III. **Facts**

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

### *Emery Barron's Experience*

10. Plaintiff was placed at VisionQuest.

11. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

12. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

13. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

   a. **<u>Bathroom Incident</u>**

      i. When Plaintiff arrived at VisionQuest, a male staff member walked into the bathroom while Plaintiff was urinating.

      ii. This same staff member grabbed Plaintiff's penis and testicles using his hand.

      iii. The Plaintiff does not recall the staff member's name as he only saw him once in his dormitory and all other times at chow hall and otherwise never interacted within him, and describes the staff member as a white male, 5'8-5'10, mid30s to early 40s, muscular build, weighing approximately

180-190 pounds, bald head, blond facial hair under his chin, no tattoos, and does not wear glasses.

iv. The Plaintiff was alone in the bathroom at this point and was not causing any disturbance, when this staff member threw open the door to the bathroom approached Plaintiff patted him down while grabbing his penis and purposefully touching his genitals.

v. The staff member claimed he wanted to ensure the Plaintiff was not smoking any drugs and needed to search his person despite Plaintiff only wearing sweatpants with no pockets, sandals without socks, and a t-shirt.

## b. **Hiking Incident**

i. Further, while at Defendant's facility a white staff member named Dave, began sexually courting and touching the Plaintiff.

ii. Dave provided a few days worth of food to every student to use to survive during the hike.

iii. Plaintiff and 10 other students were selected to do a 15-day hike through a forest, hiking all day and sleeping in tents outside in nature at night.

iv. Plaintiff and all many of the other students had not been camping before and the sounds of nature and the nearby animals frightened them, so the students made noises and threw rocks into the woods to scare any animals away from the campsite.

v. When the next day began as all the students were extremely tired Dave took all the students to a white van, and back to VisionQuest saying the

students were too loud, did not sleep, and eventually removed 6 of them, before restarting the extended hike.

vi. When the students arrived back at the trek's starting point, Dave held extra food from the other 6 students who were removed from the trip.

vii. During the trek Plaintiff would get extra food from Dave by doing things for him, mainly sexual favors, including allowing Dave to touch his genitals underneath his clothing using his hands.

viii. Dave provided additional food to Plaintiff after he touched his genitals on multiple occasions and promised him more snacks if he kept the abuse quiet and allowed him to continue to fondle and grope Plaintiff's genitals.

ix. One of the days during the trek Dave pulled out his penis, which was erect and started stroking it while telling Plaintiff how excited he was and wanted to "mess around" with him.

x. Dave kept stroking his penis while making sexually explicit comments to Plaintiff before other students interrupted.

c. **Rock Climbing Wall Incident**

i. Plaintiff was sent to use the rock climbing wall on campus.

ii. Dave supervised the rock climbing wall.

iii. Dave told Plaintiff he needed to assist him in placing the harness on, and used this ruse to rub, touch, grab, and stroke Plaintiff's penis and testicles on the outside of his clothes, while attempting to place his hand inside Plaintiff's clothing. Dave rubbed Plaintiff's genitals multiple times, while not trying to legitimately adjust the harness.

    iv.  When Plaintiff was descending from the rock wall Dave placed his hands on Plaintiff's buttocks and squeezed it.

    v.  Dave tried to disguise his sexual assaults as normal actions related to discharging his duties supervising the rock wall, but his physical contact was inappropriate and not as part of any legitimate activity.

15. Specifically, regarding staff member(s) **Dave** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

## Count 1 – Negligence (Barron v. VisionQuest)

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Barron were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

   a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

   b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

   c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

   d. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

   e. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

   a. Plaintiff has been injured in the form of post-traumatic stress reactions, including adverse reactions to intrusive images, and feels sporadic emotional pain stemming from the sexual abuse;

    b. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

    a. Immense on-going embarrassment and humiliation;

    b. Loss of self-esteem and shame;

    c. Emotional distress;

    d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

    e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

    f. Severe mental anguish and trauma;

    g. Anxiety, depression, nausea and loss of sleep;

    h. A loss of enjoyment of life;

    i. A loss of the ability to form relationships and inability to trust others;

    j. A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma and;

    k. Loss of educational opportunities.

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Barron demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs

and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**Count 2 – Negligent Supervision, Hiring, and Retention (Barron v. VisionQuest)**

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

27. The staff members' conduct, especially **Unit Staff Member**, in assaulting Plaintiff Barron, is so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

   a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

   b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat patients; and

g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs. **WHEREFORE,** Plaintiff Barron demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 3- Respondeat Superior (Barron v. VisionQuest)

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

38. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

39. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

40. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

41. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Barron demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

_____

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 11, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: April 11, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: April 11, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 11, 2022

# EXHIBIT "B"

| | | |
|---|---|---|
| **Edward Rivers (Plaintiff),** | : | **United States District Court** |
| **v.** | : | **Eastern District Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **Civil Division - No. 21-04928** |

## ORDER

AND NOW, this _____ day of _____, 20____, Plaintiff's Motion for

Leave to Amend Complaint is GRANTED pursuant to F.R.C.P. 15.

**BY THE COURT:**

_____

**Honorable Judge**

| | | |
|---|---|---|
| Edward Rivers (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | **Civil Division - No. 21-04928** |

<u>**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**</u>

Plaintiffs, pursuant to Rule 15(a) and 15(c) of the Federal Rules of Civil Procedure,

moves for leave of Court to file an Amended Complaint. Further, in support of this Motion,

moving Plaintiff incorporates by reference and rely upon the Memorandum of Law filed

herewith.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 13, 2022

| | | |
|---|---|---|
| **Edward Rivers (Plaintiff),** | : | **United States District Court** |
| **v.** | : | **Eastern District Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **Civil Division - No. 21-04928** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### I.   INTRODUCTION

Plaintiff originally filed a Complaint, within state court to which was removed from state court to federal court. *See* Docket No. 1. On March 17, 2022, this Court Ordered Plaintiff to remove allegations related to physical only abuse, as time barred. Plaintiff requests to amend his complaint and is not opposed by the Defense. This would be the first request for a motion for leave to amend Plaintiff's complaint. The Defense does not object to Plaintiff filing this Amended Complaint and/or being granted leave to do so, to correct deficiencies/objections stated in its Motion to Dismiss and based on the addition of one of Defendant's facilities in Chester County Pennsylvania.

### II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a *"Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Federal Rule of Civil Procedure 15(c)(1)(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.

Federal Rule of Civil Procedure 15(c)(C) "relation back of amendments. The amendment changes the party or naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint,

the party to be brought in by amendment: and received such notice of the action that it will not be prejudiced in defending on the merits; and knew or should have known the action would be brought against it, but for a mistake concerning the proper party's identity.

## III.   ARGUMENT

In *Foman v. Davis*, 371 U.S. 178 (1962), the Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The Court noted that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive evidenced by the moving party, or repeated failure to cure deficiencies by amendments previously allowed. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.* "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). The Third Circuit has found "prejudice to the non-moving party is a touchstone for denial of an amendment." *Lorenz*, 1 F.3d at 1414.

In the instant case, plaintiff is filing this motion for leave and the proposed amended complaint solely to address issues raised in the Defendant's motion to dismiss and to add a facility in Chester County Pennsylvania where abuse is alleged to have occurred while Plaintiff was undergoing examination for classification purposes. No other edits and/or modifications were made to Plaintiff's Complaint other than those previously stated.

## IV. CONCLUSION

**WHEREFORE**, Plaintiff respectfully request this Court enter an order granting

Plaintiff's Motion for Leave to File a Third Amended Complaint and grant such further relief as

the Court deems appropriate.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 13, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this day, the foregoing was filed with the Clerk of the Court and a copy was sent to the counsel of record at:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 191037

## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsifications and perjury via the applicable state and the United States Code.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 13, 2022

# PROPOSED AMENDED COMPLAINT

## 1. Proposed Amended Complaint

| | | |
|---|---|---|
| Edward Rivers (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | **No. 21-cv-4928** |

## THIRD AMENDED COMPLAINT

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| | | |
|---|---|---|
| **Edward Rivers (Plaintiff),** | : | **United States District Court** |
| **v.** | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 21-cv-4928** |

## THIRD AMENDED COMPLAINT

**AND NOW** come the Plaintiff, Edward Rivers, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.    Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Shields brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II.    Parties

5. Plaintiff, **Edward Rivers** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III.    Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

*Edward Rivers's Experience*

10. Plaintiff was placed at VisionQuest.

11. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

12. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

13. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

   a. **PlayStation 2 Incidents**

      i. While residing at VisionQuest, Mr. Williams and/or Mr. Scott would take Plaintiff and a few other students into a room all staff had access to and sexually abuse them.

      ii. Mr. Williams and/or Mr. Scott would make Plaintiff and the other students touch the staff members' genitals and give them "hand jobs" by moving their palms in a stroking motion.

      iii. These staff members would make Plaintiff and the other students in his presence stroke their genitals until they climaxed.

    iv.  Other times, Mr. Williams and/or Mr. Scott, would display a pornographic video Plaintiff and a few other students in his presence and force the students to touch each other and then touch the staff members genitals.

    v.  Almost immediately following each sexual assault by Mr. Williams and/or Mr. Scott, Plaintiff and the other students would get rewards to hide the abuse including being allowed to watch movies, obtain extra food, and to game on the PlayStation 2, had his phone calls unmonitored, allowed to talk with the other students, given preferred school jobs, extra free time, and permitted to view television.

    vi.  Almost all the sexual assaults by Mr. Williams and/or Mr. Scott occurred during the late-night shift.

    vii.  Mr. Williams and/or Mr. Scott tried to prevent Plaintiff from reporting the sexual abuse.

b. **<u>Early Release Incidents</u>**

    i.  While residing at VisionQuest, in B-Unit, staff member Ms. Jenkins sexually assaulted Plaintiff.

    ii.  Plaintiff was sexually assaulted by Ms. Jenkins in both the intake room or in her private office, which was between D-Unit and near the Chow Hall.

    iii.  Plaintiff's first-time having sexual intercourse happened via Ms. Jenkins sexual assault.

    iv.  Ms. Jenkins often took Plaintiff to an empty room in his residence hall area and put on some music, lock the door, get undressed, the tell Plaintiff

"only her favorite ones come to this room", and placed his mouth on her breasts, while making Plaintiff digitally penetrate her.

v. While telling him she never did this with other students, Ms. Jenkins would also perform oral sex on Plaintiff.

vi. After performing oral sex on Plaintiff, she told him to lie down on the desk and she climbed on top of him wearing only a work shirt and socks.

vii. Ms. Jenkins then would begin kissing Plaintiff, while using her hand to insert his penis into her vagina.

viii. Other times Ms. Jenkins forced the Plaintiff to have anal sex with her, stating "she had fun doing these things [anal sex] with me and she does not do this at home".

ix. As a reward for Plaintiff having sex with her, Ms. Jenkins provided him with pizza, burgers, other food from outside the institution, use of her personal cell phone, and extra time off of his sentence, including home passes which allowed the Plaintiff to leave the facility.

x. Ms. Jenkins when not having sexual intercourse, forced Plaintiff to digitally penetrate her vagina with his fingers and/or perform and/or receive oral sex.

xi. Ms. Jenkins also told the Plaintiff he would not get into trouble for having sexual relations with her because everyone does it and the facility allows this behavior.

xii. Ms. Jenkins sexually assaulted the Plaintiff on so many occasions and so often, the specific number is unknown, but happened over 9 times per month.

15. Specifically, regarding staff member(s) **Ms. Jenkins, Mr. Scott, and/or Mr. Scott** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

## Count 1 – Negligence (Shields v. VisionQuest)

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Shields were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

d. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

e. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

a. Plaintiff has been injured in the form of post-traumatic stress reactions, including adverse reactions to intrusive images, and feels sporadic emotional pain stemming from the sexual abuse;

b. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

 a. Immense on-going embarrassment and humiliation;

 b. Loss of self-esteem and shame;

 c. Emotional distress;

 d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

 e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

 f. Severe mental anguish and trauma;

 g. Anxiety, depression, nausea and loss of sleep;

 h. A loss of enjoyment of life;

 i. A loss of the ability to form relationships and inability to trust others;

 j. A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma and;

 k. Loss of educational opportunities.

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Shields demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**Count 2 – Negligent Supervision, Hiring, and Retention (Shields v. VisionQuest)**

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

27. The staff members' conduct, especially **Ms. Jenkins, Mr. Scott, and/or Mr. Scott**, in assaulting Plaintiff Shields, is so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant

VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

    a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

    b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

    c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

    d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

    e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

    f. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat patients; and

    g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs. **WHEREFORE,** Plaintiff Shields demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 3- Respondeat Superior (Shields v. VisionQuest)

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55

Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

38. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

39. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

40. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

41. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Shields demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 11, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: April 11, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: April 11, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 11, 2022

# EXHIBIT "C"

| Sheldon Gregory (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 21-cv-04929** |

## ORDER

AND NOW, this _____ day of _____, 20____, Plaintiff's Motion for

Leave to Amend Complaint is GRANTED pursuant to F.R.C.P. 15.

**BY THE COURT:**

_____

**Honorable Judge**

| | | |
|---|---|---|
| Sheldon Gregory (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | **No. 21-cv-04929** |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs, pursuant to Rule 15(a) and 15(c) of the Federal Rules of Civil Procedure,

moves for leave of Court to file an Amended Complaint. Further, in support of this Motion,

moving Plaintiff incorporates by reference and rely upon the Memorandum of Law filed

herewith.

Respectfully Submitted,

_____
/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 13, 2022

| Sheldon Gregory (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 21-cv-04929** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### I.    INTRODUCTION

Plaintiff originally filed a Complaint, within state court to which was removed from state court to federal court. *See* Docket No. 1. Plaintiff requests to amend his complaint and is not opposed by the Defense, as opposing Counsel filed and/or would file a motion to dismiss. This would be the first request for a motion for leave to amend Plaintiff's complaint. The Defense does not object to Plaintiff filing this Amended Complaint and/or being granted leave to do so, to correct deficiencies/objections stated in its current/intended Motion to Dismiss and based on the addition of one of Defendant's facilities in Chester County Pennsylvania.

### II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a *"Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."*

Federal Rule of Civil Procedure 15(c)(1)(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.

Federal Rule of Civil Procedure 15(c)(C) "relation back of amendments. The amendment changes the party or naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: and received such notice of the action that it will not

be prejudiced in defending on the merits; and knew or should have known the action would be brought against it, but for a mistake concerning the proper party's identity.

## III.   ARGUMENT

In *Foman v. Davis*, 371 U.S. 178 (1962), the Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The Court noted that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive evidenced by the moving party, or repeated failure to cure deficiencies by amendments previously allowed. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.* "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). The Third Circuit has found "prejudice to the non-moving party is a touchstone for denial of an amendment." *Lorenz*, 1 F.3d at 1414.

In the instant case, plaintiff is filing this motion for leave and the proposed amended complaint solely to address issues raised in the Defendant's motion to dismiss and to add a facility in Chester County Pennsylvania where abuse is alleged to have occurred while Plaintiff was undergoing examination for classification purposes. No other edits and/or modifications were made to Plaintiff's Complaint other than those previously stated.

## IV. CONCLUSION

**WHEREFORE**, Plaintiff respectfully request this Court enter an order granting

Plaintiff's Motion for Leave to File a Third Amended Complaint and grant such further relief as

the Court deems appropriate.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 13, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this day, the foregoing was filed with the Clerk of the Court and a

copy was sent to the counsel of record at:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 191037


## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's

knowledge, information and belief and are verified subject to the penalties for unsworn

falsifications and perjury via the applicable state and the United States Code.


Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 13, 2022

# PROPOSED AMENDED COMPLAINT

## 1. Proposed Amended Complaint

| Sheldon Gregory (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 21-cv-04929** |

<u>**SECOND AMENDED COMPLAINT**</u>

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
<u>**JURY TRIAL DEMANDED**</u>

| Sheldon Gregory (Plaintiff), | : | **United States District Court** |
|---|---|---|
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | No. 21-cv-04929 |

## SECOND AMENDED COMPLAINT

**AND NOW** come the Plaintiff, Sheldon Gregory, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.   Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Gregory brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II.   Parties

5. Plaintiff, **Sheldon Gregory** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III.   Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

### *Sheldon Gregory's Experience*

10. Plaintiff was placed at VisionQuest.

11. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

12. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

13. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

    i.  Plaintiff was court ordered to live at VisionQuest in approximately 2005.

    ii.  Plaintiff was living at the Defendant's facility, when he was restrained by Mr. Robinson for allegedly violating an institutional rule.

    iii.  Plaintiff was confronted for the alleged rules violation and ordered to go to an employee only office.

    iv.  Upon entering the staff only office, Mr. Robinson began choking the Plaintiff, making it difficult for him to breathe.

    v.  While assaulting Plaintiff, this Mr. Robinson groped and fondled his genitals by grabbing and rubbing and stroking Plaintiff's penis and testicles, with his hand, both over and under Plaintiff's clothing.

vi. Plaintiff was simultaneously being choked while having his genitals fondled by Mr. Robinson hand, causing him quickly become extremely groggy and eventually unconscious from the lack of oxygen.

vii. When Plaintiff awoke, Plaintiff was ordered to return back to his living space and Mr. Robinson attempted to prevent Plaintiff from disclosing the sexual abuse to any third-party.

15. Specifically, regarding staff member(s) **Mr. Robinson** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

## Count 1 – Negligence (Gregory v. VisionQuest)

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Gregory were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

    a.  In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

    b.  In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

    c.  In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

    d.  In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

    e.  In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

    a.  Plaintiff has been injured in the form of post-traumatic stress reactions, including adverse reactions to intrusive images, and feels sporadic emotional pain stemming from the sexual abuse;

b. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

    a. Immense on-going embarrassment and humiliation;

    b. Loss of self-esteem and shame;

    c. Emotional distress;

    d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

    e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

    f. Severe mental anguish and trauma;

    g. Anxiety, depression, nausea and loss of sleep;

    h. A loss of enjoyment of life;

    i. A loss of the ability to form relationships and inability to trust others;

    j. A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma and;

    k. Loss of educational opportunities.

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Gregory demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs

and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**Count 2 – Negligent Supervision, Hiring, and Retention (Gregory v. VisionQuest)**

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

27. The staff members' conduct, especially **Mr. Robinson**, in assaulting Plaintiff Gregory, is so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

    a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

    b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat patients; and

g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs.

**WHEREFORE,** Plaintiff Gregory demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 3- Respondeat Superior (Gregory v. VisionQuest)

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

38. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

39. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

40. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

41. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Gregory demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 13, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: April 13, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: April 13, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 13, 2022

# EXHIBIT "D"

| Robert Harris III (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 21-cv-04938** |

## ORDER

AND NOW, this _____ day of _____, 20____, Plaintiff's Motion for

Leave to Amend Complaint is GRANTED pursuant to F.R.C.P. 15.

**BY THE COURT:**

_____

**Honorable Judge**

| Robert Harris III (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 21-cv-04938** |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs, pursuant to Rule 15(a) and 15(c) of the Federal Rules of Civil Procedure,

moves for leave of Court to file an Amended Complaint. Further, in support of this Motion,

moving Plaintiff incorporates by reference and rely upon the Memorandum of Law filed

herewith.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 13, 2022

| Robert Harris III (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 21-cv-04938** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### I.    INTRODUCTION

Plaintiff originally filed a Complaint, within state court to which was removed from state court to federal court. *See* Docket No. 1. Plaintiff requests to amend his complaint and is not opposed by the Defense, as opposing Counsel filed and/or would file a motion to dismiss. This would be the first request for a motion for leave to amend Plaintiff's complaint. The Defense does not object to Plaintiff filing this Amended Complaint and/or being granted leave to do so, to correct deficiencies/objections stated in its current/intended Motion to Dismiss and based on the addition of one of Defendant's facilities in Chester County Pennsylvania.

### II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a *"Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."*

Federal Rule of Civil Procedure 15(c)(1)(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.

Federal Rule of Civil Procedure 15(c)(C) "relation back of amendments. The amendment changes the party or naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: and received such notice of the action that it will not

be prejudiced in defending on the merits; and knew or should have known the action would be brought against it, but for a mistake concerning the proper party's identity.

## III.   ARGUMENT

In *Foman v. Davis*, 371 U.S. 178 (1962), the Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The Court noted that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive evidenced by the moving party, or repeated failure to cure deficiencies by amendments previously allowed. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.* "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). The Third Circuit has found "prejudice to the non-moving party is a touchstone for denial of an amendment." *Lorenz*, 1 F.3d at 1414.

In the instant case, plaintiff is filing this motion for leave and the proposed amended complaint solely to address issues raised in the Defendant's motion to dismiss and to add a facility in Chester County Pennsylvania where abuse is alleged to have occurred while Plaintiff was undergoing examination for classification purposes. No other edits and/or modifications were made to Plaintiff's Complaint other than those previously stated.

## IV. CONCLUSION

**WHEREFORE**, Plaintiff respectfully request this Court enter an order granting

Plaintiff's Motion for Leave to File a Third Amended Complaint and grant such further relief as

the Court deems appropriate.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 13, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this day, the foregoing was filed with the Clerk of the Court and a

copy was sent to the counsel of record at:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 191037


## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's

knowledge, information and belief and are verified subject to the penalties for unsworn

falsifications and perjury via the applicable state and the United States Code.



Respectfully Submitted,


/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 13, 2022

# PROPOSED AMENDED COMPLAINT

## 1. Proposed Amended Complaint

| | | |
|---|---|---|
| Robert Harris III (Plaintiff), | : | United States District Court |
| v. | : | Eastern District of Pennsylvania |
| VisionQuest National LTD, (Defendant) | : | No. 21-cv-04938 |

## SECOND AMENDED COMPLAINT

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| Robert Harris III (Plaintiff), | : | United States District Court |
|---|---|---|
| v. | : | Eastern District of Pennsylvania |
| VisionQuest National LTD, (Defendant) | : | No. 21-cv-04938 |

## SECOND AMENDED COMPLAINT

**AND NOW** come the Plaintiff, Robert Harris III, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.   Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Harris III brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II.  **Parties**

5. Plaintiff, **Robert Harris III** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III.  **Facts**

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

### *Robert Harris III's Experience*

10. Plaintiff was placed at VisionQuest.

11. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

12. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

13. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

    i. Plaintiff was court ordered to live at VisionQuest in 2004-2007.

    ii. Plaintiff was sexually assaulted by staff member identified as Shawn who went by the moniker and nickname Shizz.

    iii. During third/overnight shift staff member Shawn, would remove the Plaintiff from his sleeping quarters and bring him into the bathroom and sexually molest him.

    iv. Shizz inserted his penis into Plaintiff's mouth forcing Plaintiff to perform oral sex, in addition Plaintiff later had to place his tongue on Shizz's testicles and lick them.

v. The Plaintiff was forced to perform sexual acts such as those herein described, on multiple occasions, with each assault in the bathroom late at night during third shift.

vi. Once when the Plaintiff initially refused to perform oral sex on Shizz, he was punched so hard in the stomach he started spitting up blood, while Shizz continued hitting and striking Plaintiff, and then was forced while in pain to perform oral sex on Shizz.

vii. Shizz used to tell Plaintiff while he was performing oral sex, how he was better than the other students at VisionQuest doing this sexual act and would get special rewards and privileges.

viii. As a method for keeping Plaintiff's sexual abuse hidden, Shizz brought in cell phones for Plaintiff's use, allowed Plaintiff extra time when using the facility's payphones, got extra food and snacks, in addition to illicit drugs including marijuana and Xanax.

ix. After the first sexual assault Shizz was able to have the Plaintiff transferred onto the unit which he supervised daily, to provide easier access for sexually abusing him.

x. During one sexual assault, Shizz who knew the Plaintiff liked to rap, told him to "wrap his lips around this dick", before forcing him to perform oral sex.

xi. Shizz attempted to prevent Plaintiff from revealing any of the sexual abuse to any third-parties.

15. Specifically, regarding staff member(s) **Shizz** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

### Count 1 – Negligence (Harris III v. VisionQuest)

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Harris III were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

    a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

d. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

e. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

a. Plaintiff has been injured in the form of post-traumatic stress reactions, including adverse reactions to intrusive images, and feels sporadic emotional pain stemming from the sexual abuse;

b. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

    a.  Immense on-going embarrassment and humiliation;

    b.  Loss of self-esteem and shame;

    c.  Emotional distress;

    d.  Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

    e.  Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

    f.  Severe mental anguish and trauma;

    g.  Anxiety, depression, nausea and loss of sleep;

    h.  A loss of enjoyment of life;

    i.  A loss of the ability to form relationships and inability to trust others;

    j.  A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma and;

    k.  Loss of educational opportunities.

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Harris III demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**Count 2 – Negligent Supervision, Hiring, and Retention (Harris III v. VisionQuest)**

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

27. The staff members' conduct, especially **Shizz**, in assaulting Plaintiff Harris III, is so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

   a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

   b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

   c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

   d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat patients; and

g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs. **WHEREFORE,** Plaintiff Harris III demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 3- Respondeat Superior (Harris III v. VisionQuest)

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

38. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

39. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

40. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

41. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

WHEREFORE, Plaintiff Harris III demands judgement against Defendant, VisionQuest

National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs

and interest for all types of damages legally recoverable including but not limited to

compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
Date: April 13, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: April 13, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: April 13, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 13, 2022

# EXHIBIT "E"

| Russell Meyer (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 21-cv-4940** |

## ORDER

AND NOW, this _____ day of _____, 20____, Plaintiff's Motion for

Leave to Amend Complaint is GRANTED pursuant to F.R.C.P. 15.

**BY THE COURT:**

_____

**Honorable Judge**

| Russell Meyer (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | **No. 21-cv-4940** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiffs, pursuant to Rule 15(a) and 15(c) of the Federal Rules of Civil Procedure,

moves for leave of Court to file an Amended Complaint. Further, in support of this Motion,

moving Plaintiff incorporates by reference and rely upon the Memorandum of Law filed

herewith.

Respectfully Submitted,

_____

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

| | | |
|---|---|---|
| **Russell Meyer (Plaintiff),** | : | **United States District Court** |
| **v.** | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 21-cv-4940** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### I.   INTRODUCTION

Plaintiff originally filed a Complaint, within state court to which was removed from state court to federal court. *See* Docket No. 1. Plaintiff requests to amend his complaint and is not opposed by the Defense, as opposing Counsel filed and/or would file a motion to dismiss. This would be the first request for a motion for leave to amend Plaintiff's complaint. The Defense does not object to Plaintiff filing this Amended Complaint and/or being granted leave to do so, to correct deficiencies/objections stated in its current/intended Motion to Dismiss and based on the addition of one of Defendant's facilities in Chester County Pennsylvania.

### II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a "*Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Federal Rule of Civil Procedure 15(c)(1)(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.

Federal Rule of Civil Procedure 15(c)(C) "relation back of amendments. The amendment changes the party or naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: and received such notice of the action that it will not

be prejudiced in defending on the merits; and knew or should have known the action would be brought against it, but for a mistake concerning the proper party's identity.

### III.    ARGUMENT

In *Foman v. Davis*, 371 U.S. 178 (1962), the Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The Court noted that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive evidenced by the moving party, or repeated failure to cure deficiencies by amendments previously allowed. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.* "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). The Third Circuit has found "prejudice to the non-moving party is a touchstone for denial of an amendment." *Lorenz*, 1 F.3d at 1414.

In the instant case, plaintiff is filing this motion for leave and the proposed amended complaint solely to address issues raised in the Defendant's motion to dismiss and to add a facility in Chester County Pennsylvania where abuse is alleged to have occurred while Plaintiff was undergoing examination for classification purposes. No other edits and/or modifications were made to Plaintiff's Complaint other than those previously stated.

## IV. CONCLUSION

**WHEREFORE**, Plaintiff respectfully request this Court enter an order granting

Plaintiff's Motion for Leave to File a Third Amended Complaint and grant such further relief as

the Court deems appropriate.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this day, the foregoing was filed with the Clerk of the Court and a

copy was sent to the counsel of record at:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 191037

## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's

knowledge, information and belief and are verified subject to the penalties for unsworn

falsifications and perjury via the applicable state and the United States Code.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

# PROPOSED AMENDED COMPLAINT

## 1. Proposed Amended Complaint

| | | |
|---|---|---|
| Russell Meyer (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | **No. 21-cv-4940** |

## AMENDED COMPLAINT

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| Russell Meyer (Plaintiff), | : | **United States District Court** |
|---|---|---|
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 21-cv-4940** |

## AMENDED COMPLAINT

**AND NOW** come the Plaintiff, Russell Meyer, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.   Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Meyer brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II.   Parties

5. Plaintiff, **Russell Meyer** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III.   Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

***Russell Meyer's Experience***

10. Plaintiff was placed at VisionQuest in approximately 2004-2010.

11. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

12. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

13. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

    a. **<u>Sweat Lodge Incidents</u>**

        i. When Plaintiff was living at VisionQuest, him and other student peers were required to attend the sweat lodge, which was a very hot area, enclosed within a tent presided over by a Native American shaman, who heated rocks or other similar devices inside a tented structure.

        ii. During this time, Plaintiff was very hot and uncomfortable, and was approached by staff member Jerry Fox, who started fondling the Plaintiff's genital area.

        iii. Jerry Fox touched Plaintiff's penis and testicles with his hand, and then began pulling and stroking Plaintiff's penis while Plaintiff was naked.

iv. Jerry Fox continued to rub, pull, and stroke Plaintiff's genitals for a significant amount of time, and beyond what could be considered incidental or accidental contact.

v. Plaintiff had his genitals grabbed by Jerry Fox more than one incident.

vi. Each incident where Plaintiff was improperly touched by Jerry Fox the sexual abuse method and circumstances, including location were identical.

vii. Jerry Fox actively attempted to prevent Plaintiff from disclosing the sexual abuse.

viii. Plaintiff outcried about the sexual abuse to staff member Bethany Warden, who informed her supervisor, and many other staff members including other supervisors and administrators about Plaintiff's sexual abuse claims.

ix. Shortly after Bethany Warden informed the other staff members about Jerry Fox sexually abusing him.

x. Plaintiff avers his complaints to Bethany Warden and other staff members of being sexually assaulted by Jerry Fox were never reported to any law enforcement agencies.

15. Specifically, regarding staff member(s) **Jerry Fox** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

### Count 1 – Negligence (Meyer v. VisionQuest)

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Meyer were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

   a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

   b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

   c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

   d. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55

        Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

    e. In dismissing legitimate claims of sexual abuse by Plaintiff;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

    a. Plaintiff has been injured in the form of post-traumatic stress reactions, including adverse reactions to intrusive images, and feels sporadic emotional pain stemming from the sexual abuse;

    b. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

    a. Immense on-going embarrassment and humiliation;

    b. Loss of self-esteem and shame;

    c. Emotional distress stemming from the sexual abuse;

    d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

    e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

    f. Severe mental anguish and trauma;

    g. Anxiety, depression, nausea and loss of sleep;

    h. A loss of enjoyment of life;

i.   A loss of the ability to form relationships and inability to trust others;

j.   A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma and;

k.   Loss of educational opportunities.

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Meyer demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 2 – Negligent Supervision, Hiring, and Retention (Meyer v. VisionQuest)

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

27. The staff members' conduct, especially **Ms. Williams and/or Ms. Kesha**, in assaulting Plaintiff Meyer, is so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat patients; and

g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs. **WHEREFORE,** Plaintiff Meyer demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 3- Respondeat Superior (Meyer v. VisionQuest)

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

38. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

39. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

40. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child sexual abuse alleged herein by virtue of their job-created authority.

41. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Meyer demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
Date: April 12, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Date: April 12, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Date: April 12, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
Date: April 12, 2022

# EXHIBIT "F"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ADRIAN BOXLEY, II.** | **CIVIL ACTION** |
| **v.** | **NO.: 2:22-cv-00380-GEKP** |
| **VISIONQUEST NATIONAL, LTD.** | |

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, Adrian Boxley, II (hereinafter also referred to as "Adrian Boxley" and/or "Adrian" and/or "Plaintiff"), residing at ████████, York, PA 17403 by his counsel, Martin G. Rubenstein, Esquire of Levy Baldante Finney & Rubenstein, P.C. demands entry of judgment in his favor and against defendants, VisionQuest National Ltd. (hereinafter also referred to as "VisionQuest"), for the following reasons:

**PARTIES and VENUE**

1.      Plaintiff, Adrian Boxley, is currently a citizen and resident of the Commonwealth of Pennsylvania, residing at ████████, York, PA 17403.

2.      Defendant, VisionQuest National Ltd. (hereinafter also referred to as "VisionQuest") is a national service provider for youths and families.  Founded in 1973, VisionQuest purports to provide residential, community-based, and in-home services.  VisionQuest currently operates in five (5) states, Arizona, Delaware, Pennsylvania, Maryland, and Texas.  VisionQuest's maintains its organizational headquarters at PO Box 12906, Tucson, AZ 85732 and has a Pennsylvania office located at 150 E. Pennsylvania Ave, Ste 430, Downingtown Chester PA 19335.

3.      VisionQuest ran a residential program located in Embreeville, Chester County, Pennsylvania, that was open and functioning in or around 2007-2008.  Upon information and belief, this VisionQuest location is currently closed.

4. Plaintiff was housed for classification and assignment purposes to for a portion of his commitment to VisionQuest at their Chester County facility in Embreeville, Pennsylvania.

5. At the time of the abuse that he was subjected to, Plaintiff was a minor and a resident at VisionQuest at Defendant's Embreeville facility located in Chester County, Pennsylvania and he was subjected to abuse subsequently at other VisionQuest locations in Pennsylvania.

6. Defendant VisionQuest knew or should have known that its employees had committed acts of abuse upon one or more of its child residents of its facilities prior to the time that plaintiff herein was subjected to the acts of child abuse that are the subject of this litigation.

7. An individual known to Adrian Boxley as "Ms. Ava" was a former staff and/or teacher and/or employee and/or counselor and/or ostensible agent of defendant, VisionQuest, in or around 2007-2008.

8. Defendant, VisionQuest, was charged with supervising and controlling all staff and/or teachers at VisionQuest, including Ms. Ava, and/or other staff members.

9. Defendant, VisionQuest, had/has access to and knowledge of information regarding the misconduct of the staff, teachers, and/or counselors including knowledge of the widespread pedophilia and/or sexually abusive conduct of staff, teachers, and/or counselors at VisionQuest, including Ms. Ava, and/or other staff members.

10. At all relevant times, Defendant, VisionQuest, in this action was acting by and through itself in their individual capacities, and/or additionally by and through their actual and/or ostensible agents, servants, employees, which include entities and/or individuals over whom they had control or right of control.

11. At all times material hereto, Ms. Ava, and/or other staff members were acting as staff, teacher, counselor, employee, agent, servant, representative and/or ostensible agent hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for Defendant, VisionQuest, and was engaged to perform services for the Defendant, VisionQuest,

and was subject to the Defendant, VisionQuest's oversight, supervision, management, direction, control, ostensible control, and/or right to control the physical conduct required to perform such services.

12. The Defendant, VisionQuest, was the principal of Ms. Ava, and/or other staff members, and the Defendant, VisionQuest, acted only through the natural persons who were its staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said defendants.

13. The staff, teacher, counselor, employee, agent, servant, representative and/or ostensible agent of the Defendant, VisionQuest, and acted negligently while in the scope of their duties or authority, such that the negligence as a matter of law charged to the principal, here the Defendant, VisionQuest.

14. At all times material hereto, the Defendant, VisionQuest, is deemed negligent for the wrongdoing to the same extent as the staff, teacher, counselor, employee, agent, servant, representative and/or ostensible agent, Ms. Ava, and/or other staff members.

**FACTUAL SUMMARY**

15. At all times material hereto, Plaintiff, Adrian Boxley was a minor, and was sixteen (16) years old when subjected to abuse by defendant VisionQuest in 2007-2008.

16. At all times material hereto, Adrian Boxley was a resident and/or student at VisionQuest from December 4, 2007 to June 24, 2008.

17. At all times material hereto, Ms. Ava was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

18. In 2007-2008, when Adrian Boxley was at or around sixteen (16) years old, Adrian Boxley was sexually abused by Ms. Ava and/or other staff members during Adrian Boxley's time as a student and/or resident at VisionQuest.

19.     When Adrian Boxley arrived at VisionQuest, he entered into a culture where abuse was a common tool for staff to control and manipulate the residents.  The staff inducted Adrian Boxley into this culture on his very first day at VisionQuest.

20.     Plaintiff met Ms. Ava, one of the female staff members in charge of his living quarters. The female staff member sexually abused Plaintiff on two occasions. On the first incident of the sexual abuse, Plaintiff was getting out of the shower as the female staff member was doing her rounds and securing the premises.  The female staff member encountered Plaintiff as Plaintiff was drying himself off in the shower.  The female staff member was surprised when she saw Plaintiff, as he was not supposed to be in the bathroom at that time.  Plaintiff informed The female staff member that he was not dressed.  The female staff member responded: *"It's nothing I haven't seen before."*  The female staff member then purposefully and directly looked at Plaintiff and his genital area.   Plaintiff had a towel wrapped around his waist, attempting to cover himself up as much as possible.

21.     The female staff member then said: *"Let me see."*  Plaintiff, confused, asked the female staff member what she meant.  The female staff member aggressively told Plaintiff: *"Stop playing dumb. Lift your towel."*  Fearful, Plaintiff complied.  The female staff member approached Plaintiff and grabbed his naked penis. While the female staff member touched Plaintiff's penis, she made sexual comments to Plaintiff, such as how she knew Plaintiff liked her because his penis was becoming erect.  The female staff member then proceeded to perform oral sex on Plaintiff.  When the female staff member finished performing oral sex on Plaintiff, she told Plaintiff she would "talk" to him later.

22.     A few days after being sexually abused by the female staff member, the plaintiff was given a pair of the female staff member's underwear by her.

23.     On a separate incident of sexual abuse, Plaintiff was watching television.  The same female staff member instructed Plaintiff to get a blanket.  Plaintiff was not suspicious of this request, as it was in fact cold.  The female staff member told Plaintiff to sit down.  Plaintiff put the blanket on his lap and the female staff member masturbated Plaintiff.

4

24.     After sexually abusing Plaintiff, the female staff member gave Plaintiff special privileges, such as allotting Plaintiff extra phone calls and gifting Plaintiff cigarettes.  These gifts, together with the culture of abuse, were intended to silence the victims of sexual abuse.  In addition, the female staff member let Plaintiff know that if he did not comply with her sexual overtures that he would face other sanctions and/or abuse while at VisionQuest.

25.     Prior to leaving VisionQuest, a different female employee of VisionQuest warned Plaintiff that if he talked about his experiences at VisionQuest, she would move his release date back.

26.     As a result of the sexual abuse, Adrian Boxley felt enormous shame, humiliation, guilt, depression, anxiety, and anger.

27.     Adrian Boxley developed enormous depression, anxiety, and anger issues as a result of the sexual abuse that he sustained at VisionQuest, including from Ms. Ava, and/or other staff members.

28.     It is further believed that Plaintiff was abused in additional ways and/or on additional occasions, but has emotionally suppressed partially and/or in whole these additional details and/or episodes of abuse.

29.     Ms. Ava, and/or other staff members engaged in a calculated series of manipulation and grooming of Plaintiff during Plaintiff's time as student and/or resident at VisionQuest as described above.

30.     Ms. Ava, and/or other staff members sexually abused Plaintiff, Adrian Boxley, while he was a minor during the period described above.

31.     During their tenure as a staff, teacher, counselor, employee, agent, servant, representative and/or ostensible agent hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for one or more of the Defendant, VisionQuest, knew and/or should have known that Ms. Ava, and/or other staff members was/were a serial molester(s) and abusers of children, including Plaintiff, Adrian Boxley.

32.     The VisionQuest staff members, including Ms. Ava, committed their acts of abuse and molestation against Plaintiff, Adrian Boxley, in Embreeville, Pennsylvania and at other locations in Pennsylvania.

5

33.     The abuse of Plaintiff by Ms. Ava, and/or other staff members gradually increased in frequency and intensity over time and included, but was not limited to, Ms. Ava masturbating and performing oral sex on Plaintiff.

34.     At all material times hereto, Defendant, VisionQuest, knew or should have known that Ms. Ava, and/or other staff members abused children and/or were not fit to serve as a staff, teacher, counselor, employee, agent, servant, representative and/or ostensible agent.

35.     At all material times hereto, Defendant, VisionQuest, knew or should have known that Ms. Ava, and/or other staff members had been and/or were abusing Plaintiff and/or other children at VisionQuest in Embreeville, Pennsylvania, and other locations in Pennsylvania visited by and/or related to VisionQuest activities, events, and/or duties.

36.     At all material times hereto, Defendant, VisionQuest, took no action and/or or failed to timely and adequately take action to warn or otherwise protect children of the VisionQuest, including Plaintiff, from Ms. Ava, and/or other staff members.

37.     At all times material hereto, as a result of the abuse of Adrian Boxley by Ms. Ava, and/or other staff members, Adrian Boxley felt enormous shame, humiliation, embarrassment, and self-loathing, and was extremely confused and conflicted about the role of sex, love, and intimacy in his life.

38.     At all times material hereto, as a result of the abuse of Adrian Boxley by Ms. Ava, and/or other staff members, Adrian Boxley has suffered from extreme difficultly navigating intimate relationships, and he has experienced and continues to experience bouts of anger, difficulties when involved in relationships and attempting to be intimate in the context of these relationships.

39.     As a result of the abuse set forth above, Plaintiff suffered great, permanent harm, including but not limited to, the following: severe emotional distress, extreme trauma, depression, anxiety, post-traumatic stress disorder (PTSD) symptoms, humiliation, embarrassment, fear, shame, emotional dissociation, and/or loss of self-esteem and self-worth, all of which has and/or will continue to require counseling, therapy, and/or other treatment.

40.     Also, as a result of the child abuse set forth above and its consequential trauma and harm, Plaintiff has suffered a severe impairment and disruption of his enjoyment of life, identity, intimacy with loved ones and/or belief structure, including, but not limited to, the impairment and disruption of his relationship with members of his family, friends, acquaintances, and/or others.

41.     Also, as a result of the child abuse set forth above and its consequential trauma and harm, the Plaintiff suffered from destructive and dysfunctional behaviors, including, but not limited to, addictions (i.e. alcohol and/or drugs) and/or other mental health issues, all of which have required and/or will require counseling, therapy, and/or other treatment.

42.     Also, as a result of the child abuse set forth above and its consequential trauma and harm, the Plaintiff has incurred significant past loss of wages and future loss of earning capacity to his permanent detriment.

43.     The child abuse set forth above and its consequential trauma and harm, in turn, caused Plaintiff to suppress and/or emotionally dissociate his feelings about his traumatic experience(s), thereby exacerbating its devastating psychological, physical, and social consequences.

44.     Plaintiff was not fully aware of the causal relationship between the child abuse set forth above, and its consequential trauma and harm, until recently, and continues to endure and/or discover trauma and harm relative to the child abuse at the present time, which inflictions of trauma and harm shall and will continue in the future.

45.     Other victims' declarations and/or revelations of their experiences with child abuse and corresponding damages caused by such abuse prompted Plaintiff to realize he is not alone, and to acknowledge, address, and/or discover the connection between his abuse and his corresponding emotional distress, social dysfunction and/or other damages and to speak out concerning same.

46.     Now, in conformity with Pennsylvania law, Plaintiff brings the within action for damages.

47.     As alleged in greater detail herein above and/or below, all of Plaintiff's harm and damages were caused by the culpable acts and/or omissions of defendants.

48.     As set forth more fully herein, the negligence, gross negligence, recklessness, and/or punitive behavior of the defendants, individually, jointly and/or severally, was a direct and proximate cause of harm and damages to Plaintiff.

49.     Plaintiff's injuries and/or damages were caused solely by the negligence, gross negligence, recklessness, and/or punitive behavior of the defendants, as set forth more fully herein, and were not caused or contributed thereto by any negligence, gross negligence, recklessness and/or punitive behavior on the part of the Plaintiff.

## COUNT 1 – NEGLIGENCE

**Plaintiff, Adrian Boxley**
v.
**Defendant, VisionQuest**

50.     The previous paragraphs set forth above are incorporated herein by reference.

51.     The recklessness, negligence and/or carelessness of Defendant, VisionQuest, by and through their actual or apparent staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said defendants, consisted of, among other things, the following:

    a.  Failing to properly screen VisionQuest staff, teacher, counselors, employees, agents, servants, representatives, and ostensible agents adequately before placing them in close contact with children;

    b.  Failure to properly investigate complaints of child abuse, inappropriate behavior and/or other abusive behavior;

    c.  Minimizing, ignoring or excusing inappropriate or questionable behavior and/or misconduct by VisionQuest staff, teacher, counselors, employees, agents, servants, representatives, and ostensible agents over a period of months, years and/or decades;

    d.  Failure to properly and/or adequately warn judges, probation officers, court officials, law enforcement, parents, children, community members, and/or the public at large, including, but not limited to, Plaintiff and similarly situated children, and their parents and/or family members, regarding the inappropriate behavior and/or misconduct of Ms. Ava and/or other abusive staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents, despite knowledge of the dangers they

presented and the harmful and complicit culture and environment created by such failures to warn;

e.   Assigning VisionQuest staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents known to have engaged in questionable and/or inappropriate behavior or misconduct and/or known to be pedophiles and/or sexual predators, including staff members within VisionQuest where said individual(s) had/have regular contact with children;

f.   Failure to report criminal activity, including child abuse, to appropriate law enforcement agencies and/or authorities;

g.   Negligent failure to provide a safe environment and protective culture to children within the campus, resident halls, bathrooms, classrooms, and/or other external locations operated, visited, and/or owned by Defendant, VisionQuest;

h.   Failure to establish, implement, and maintain proper and effective policies and procedures to prevent abusive behavior toward children;

i.   Negligently maintaining custody, supervision and protection of children placed in their care by virtue of their legal authority;

j.   Failure to properly train VisionQuest staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents to identify signs of child molestation or inappropriate sexually related behavior to children by fellow employees, associates, and/or individuals within its control, oversight, supervision, and/or ostensible control;

k.   Negligent retention of and/or failure to terminate Ms. Ava, and/or other staff members, and/or other sexually inappropriate and/or abusive individuals from or associated VisionQuest, promoting a culture and environment of complicity, denial and deception regarding child abuse at VisionQuest;

l.   Failure to exercise due care under the relevant circumstances, as it pertains to the preceding and subsequent subsections, and to be considered as a whole;

m.   Recklessly, negligently and/or carelessly failing to observe, manage, direct, oversee, and supervise the relationship between Adrian Boxley and staff members;

n.   Recklessly, negligently and/or carelessly failing to have proper and effective policies and procedures to require adequate observation, management, oversight, and supervision of the relationship between VisionQuest staff, including, but not limited to, Ms. Ava and the Plaintiff;

o.   Recklessly, negligently and/or carelessly failing to recognize the conduct of Ms. Ava and behavior prior to the events in question and/or as described herein as creating a risk of abuse toward children, including, but not limited to, Adrian Boxley;

p.   Recklessly, negligently and/or carelessly failing to have proper policies and procedures to require adequate observation, management, oversight, and supervision of Adrian Boxley and VisionQuest staff members;

9

q.  Failing to investigate complaints that VisionQuest staff members behaved inappropriately and/or touching children inappropriately, including, but not limited to, Adrian Boxley;

r.  Recklessly, negligently and/or carelessly failing to identify VisionQuest staff members as child abusers;

s.  Recklessly, negligently and/or carelessly failing to investigate behavior of VisionQuest staff members that put the defendants on notice and/or should have placed defendants on notice that VisionQuest staff members were and/or might have been an abuser, potential pedophile and/or sexual predator;

t.  Recklessly, negligently and/or carelessly failing to identify VisionQuest staff members as potential pedophiles and/or sexual predators;

u.  Failing to detect a rampant and open culture of abuse of children in VisionQuest's care;

v.  Failing to stop a rampant and open culture of abuse of children in VisionQuest's care;

w.  Violating the Juvenile Justice Act, 42 Pa.C.S. §§ 6327;

x.  Refusing to allow parents of VisionQuest residents reasonable access to their children;

y.  Preventing VisionQuest residents from seeking appropriate medical attention for injuries caused by VisionQuest staff;

z.  Preventing VisionQuest residents from honestly disclosing the causes of their injuries to medical personnel;

aa. Violating state standards for juvenile correctional facilities.

52.   Defendant, VisionQuest, was negligent under the facts as detailed within this Complaint in that these defendants failed to use that degree of care, precaution and vigilance that a reasonably prudent person or entity would use under the same or similar circumstances, including, but not limited to, the negligent affirmative acts detailed in this Complaint that a reasonably prudent person or entity would not have done, and also the negligent omission or failure to act and/or take precautions as detailed in this Complaint that a reasonably prudent person or entity would have done or taken under these circumstances.

53.   The actions of VisionQuest staff members as described herein are evidence of negligence per se attributable to the Defendant, VisionQuest.

10

54. Defendant, VisionQuest, is vicariously liable for both the negligent and intentional acts of Ms. Ava, their employees, where it is widely known that there is vulnerability of children and a public policy to protect said children from victimization, and imposes responsibility upon those individuals and institutions in the best position to know of and stop the abuse to said children, such as the defendants herein.

**WHEREFORE,** Plaintiff, Adrian Boxley, demands judgment against defendant, VisionQuest, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, and such other legal and equitable relief as the Court deems appropriate.

<u>**COUNT 2 – NEGLIGENT SUPERVISION**</u>

**Plaintiff, Adrian Boxley**
**v.**
**Defendant, VisionQuest**

55. The previous paragraphs set forth above are incorporated herein by reference.

56. Defendant, VisionQuest, knew or should have known of the need to properly and effectively observe, manage, direct, oversee, and/or supervise staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible agents in their relationships with young children.

57. Defendants, VisionQuest, knew or should have known of the particular risk posed by VisionQuest staff members based on, among other things, their inappropriate and/or questionable conduct, their history of abusing children, and/or their behavior indicative of an intent to isolate, groom, and/or facilitate sexually contacting and/or abusing a young minor child, including the abuse by VisionQuest staff members of Plaintiff, including, but not limited to, the female staff member's acts of masturbating and performing oral sex on Plaintiff.

58. The female staff member's abuse of Plaintiff gradually increased in frequency and intensity over time and included, but was not limited to, the female staff member's masturbation and performance of oral sex on Plaintiff.

59.     The negligence, carelessness, and/or recklessness of Defendant, VisionQuest, for the conduct of their actual or apparent staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents, in the hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of their staff members consisted of one or more of the following:

   a. Negligent hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of staff and/or teachers and/or counselors in the employ of VisionQuest and/or Defendants;

   b. Failing to use due care in hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of the staff members' relationship with Plaintiff, Adrian Boxley; and

   c. Failing to investigate and supervise the female staff member's relationship with Adrian Boxley.

**WHEREFORE,** Plaintiff, Adrian Boxley, demands judgment against Defendant, VisionQuest, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, and such other legal and equitable relief as the Court deems appropriate.

### <u>COUNT 3 – NEGLIGENT HIRING AND RETENTION</u>

**Plaintiff, Adrian Boxley**
**v.**
**Defendant, VisionQuest**

60.     The previous paragraphs set forth above are incorporated herein by reference.

61.     Defendant, VisionQuest, knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Adrian Boxley was sexually abused by Ms. Ava that Plaintiff and other young children affiliated and/or associated with VisionQuest were vulnerable to and potential victims of child abuse.

62.     Defendant, VisionQuest, also knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Adrian Boxley was sexually abused by Ms. Ava that the access to vulnerable youths, together with the trust and authority placed in staff and/or

teacher, which makes working at a juvenile residential care facility an enticing profession for sexual predators, and/or others seeking to abuse and exploit children.

63.    Defendant, VisionQuest, owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents, situated in and/or located at the Defendants, VisionQuest and Defendant Doe Institution 1-5, and specifically a duty to be on high look out for possible pedophiles, sexual predators, and others seeking to abuse and exploit children.

64.    Defendant, VisionQuest, failed to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of Ms. Ava as a staff, teacher, employee, agent, servant, representative and/or ostensible agent, among other things, the following:

    a.  Failing to conduct a thorough and proper background check of Ms. Ava;

    b.  Failing to thoroughly and reasonably investigate Ms. Ava's sexual history or history of child abuse;

    c.  Failing to learn of or investigate Ms. Ava's history of sexual impropriety with young boys and/or girls and their proclivity to sexual assault young boys and/or girls and/or abuse children;

    d.  Failing to conduct a thorough and proper interview with Ms. Ava;

    e.  Failing to investigate whether Ms. Ava had any inappropriate sexual interest in young boys and/or girls;

    f.  Failing to use due care in the selection of Ms. Ava as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing *in loco parentis* and/or interacting with children;

    g.  Failing to use due care in the retention of Ms. Ava as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing *in loco parentis* and/or interacting with children;

    h.  Recklessly, negligently and/or carelessly failing to adequately check the background of Ms. Ava, before hiring him as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing *in loco parentis* and/or interacting with children; and

    i.  Recklessly, negligently and/or carelessly failing to have policies and procedures in place to screen staff and/or teachers for the possibility of being sexual predators.

13

**WHEREFORE,** Plaintiff, Adrian Boxley, demands judgment against Defendant, VisionQuest, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, and such other legal and equitable relief as the Court deems appropriate.

<u>**COUNT 4 – GROSS NEGLIGENCE**</u>

**Plaintiff, Adrian Boxley**
**v.**
**Defendant, VisionQuest**

65.    The previous paragraphs set forth above are incorporated herein by reference.

66.    Defendant, VisionQuest, was grossly negligent under the facts as detailed within this Complaint in that this defendant acted with complete disregard of the rights, safety, and well-being of others; in a palpably unreasonable manner; in an outlandish fashion; and/or failed to exercise slight care or diligence under these circumstances.

**WHEREFORE,** Plaintiff, Adrian Boxley, demands judgment against Defendant, VisionQuest, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, and such other legal and equitable relief as the Court deems appropriate.

<u>**COUNT 5 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>

**Plaintiff, Adrian Boxley**
**v.**
**Defendant, VisionQuest**

67.    The previous paragraphs set forth above are incorporated herein by reference.

68.    The actions and/or inactions of Defendant, VisionQuest, jointly, severally, and/or through the conduct of Ms. Ava, intentionally inflicted emotional distress upon Plaintiff in that the aforementioned employees acted intentionally, willfully, and/or recklessly, in that the abusive actions were intended to cause, or done with deliberate disregard to a high degree of probability that such behavior would cause emotional distress.

69.     The actions and/or inactions of Defendant, VisionQuest, jointly, severally, and/or through the conduct of Ms. Ava, against plaintiff were extreme and outrageous; so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and are regarded as atrocious and utterly intolerable in our civilized community.

70.     The actions and/or inactions of Defendant, VisionQuest, jointly, severally, and/or through the conduct of Ms. Ava, was the direct and/or proximate cause of emotional distress to the plaintiff, which was so severe that no reasonable person could be expected to endure such distress.

71.     The conduct of Defendant, VisionQuest, jointly, severally, and/or through the conduct of Ms. Ava, was sufficiently severe to cause genuine and substantial emotional distress and/or mental harm to the average person, including the plaintiff.

72.     Defendant, VisionQuest, is vicariously liable for the damages caused by Ms. Ava's intentional infliction of emotional distress upon the plaintiff.

**WHEREFORE,** Plaintiff, Adrian Boxley, demands judgment against Defendant, VisionQuest, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, and such other legal and equitable relief as the Court deems appropriate.

**LEVY BALDANTE FINNEY & RUBENSTEIN, P.C.**

By:     /s/ Martin G. Rubenstein
          MARTIN G. RUBENSTEIN, ESQUIRE
          DANIELLE DEROHANNESIAN, ESQUIRE
          Attorneys *for Plaintiff, Adrian Boxley*

Date:     April 14, 2022

15

# EXHIBIT "G"

| Rafael Vazquez (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-00410** |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 20____, Plaintiff's Motion for

Leave to Amend Complaint is GRANTED pursuant to F.R.C.P. 15.

**BY THE COURT:**

_____

**Honorable Judge**

| Rafael Vazquez (Plaintiff), | : | **United States District Court** |
|---|---|---|
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-00410** |

## <u>PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>

Plaintiffs, pursuant to Rule 15(a) and 15(c) of the Federal Rules of Civil Procedure,

moves for leave of Court to file an Amended Complaint. Further, in support of this Motion,

moving Plaintiff incorporates by reference and rely upon the Memorandum of Law filed

herewith.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

| Rafael Vazquez (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-00410** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### I.   INTRODUCTION

Plaintiff originally filed a Complaint, within state court to which was removed from state court to federal court. *See* Docket No. 1. Plaintiff requests to amend his complaint and is not opposed by the Defense, as opposing Counsel filed and/or would file a motion to dismiss. This would be the first request for a motion for leave to amend Plaintiff's complaint. The Defense does not object to Plaintiff filing this Amended Complaint and/or being granted leave to do so, to correct deficiencies/objections stated in its current/intended Motion to Dismiss and based on the addition of one of Defendant's facilities in Chester County Pennsylvania.

### II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a *"Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Federal Rule of Civil Procedure 15(c)(1)(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.

Federal Rule of Civil Procedure 15(c)(C) "relation back of amendments. The amendment changes the party or naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: and received such notice of the action that it will not

be prejudiced in defending on the merits; and knew or should have known the action would be brought against it, but for a mistake concerning the proper party's identity.

## III.   ARGUMENT

In *Foman v. Davis*, 371 U.S. 178 (1962), the Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The Court noted that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive evidenced by the moving party, or repeated failure to cure deficiencies by amendments previously allowed. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.* "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). The Third Circuit has found "prejudice to the non-moving party is a touchstone for denial of an amendment." *Lorenz*, 1 F.3d at 1414.

In the instant case, plaintiff is filing this motion for leave and the proposed amended complaint solely to address issues raised in the Defendant's motion to dismiss and to add a facility in Chester County Pennsylvania where abuse is alleged to have occurred while Plaintiff was undergoing examination for classification purposes. No other edits and/or modifications were made to Plaintiff's Complaint other than those previously stated.

## IV. CONCLUSION

**WHEREFORE**, Plaintiff respectfully request this Court enter an order granting Plaintiff's Motion for Leave to File a Third Amended Complaint and grant such further relief as the Court deems appropriate.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this day, the foregoing was filed with the Clerk of the Court and a

copy was sent to the counsel of record at:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 191037

## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's

knowledge, information and belief and are verified subject to the penalties for unsworn

falsifications and perjury via the applicable state and the United States Code.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

# PROPOSED AMENDED COMPLAINT

## 1. Proposed Amended Complaint

| Rafael Vazquez (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-00410** |

## AMENDED COMPLAINT

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| Rafael Vazquez (Plaintiff), | : | United States District Court |
| v. | : | Eastern District of Pennsylvania |
| VisionQuest National LTD, (Defendant) | : | No. 22-cv-00410 |

## AMENDED COMPLAINT

AND NOW come the Plaintiff, Rafael Vazquez, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.    Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Vazquez brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II.     Parties

5. Plaintiff, **Rafael Vazquez** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III.     Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

### *Rafael Vazquez's Experience*

10. Plaintiff was placed at VisionQuest in approximately 2008.

11. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

12. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

13. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members, agents, employees, supervisors, administrators, and/or servants.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

      i.  Plaintiff was court ordered to live at VisionQuest in approximately 2008.

      ii.  Plaintiff was fondled and groped by multiple staff members in both his residence hall and other locations on campus.

      iii.  The staff members touched Plaintiff's genitals underneath his clothing.

      iv.  Plaintiff had his genitals fondled by staff members on multiple occasions.

      v.  The staff members used their hands when touching Plaintiff's genitals under his clothes.

15. Specifically, regarding staff member(s) it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

### Count 1 – Negligence (Vazquez v. VisionQuest)

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Vazquez were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

   a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

d. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

e. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

a. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

a. Immense on-going embarrassment and humiliation;

b. Loss of self-esteem and shame;

c. Emotional distress;

   d.  Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

   e.  Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

   f.  Severe mental anguish and trauma;

   g.  Anxiety, depression, nausea and loss of sleep;

   h.  A loss of enjoyment of life;

   i.  A loss of the ability to form relationships and inability to trust others;

   j.  A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma;

   k.  Loss of educational opportunities and;

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Vazquez demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 2 – Negligent Supervision, Hiring, and Retention (Vazquez v. VisionQuest)

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child

abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

27. The staff members' conduct, in assaulting Plaintiff Vazquez, is so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

    a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

    b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

    c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

    d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

    e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f.  In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs.

**WHEREFORE,** Plaintiff Vazquez demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 3- Respondeat Superior (Vazquez v. VisionQuest)

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

38. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

39. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

40. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

41. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Vazquez demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
Date: April 11, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Dated**: April 11, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Dated**: April 11, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
Date: April 11, 2022

# EXHIBIT "H"

| Steven Wallace (Plaintiff), | : | **United States District Court** |
|---|---|---|
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-411** |

## ORDER

AND NOW, this _____ day of _____, 20____, Plaintiff's Motion for

Leave to Amend Complaint is GRANTED pursuant to F.R.C.P. 15.

**BY THE COURT:**


_____

**Honorable Judge**

| Steven Wallace (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-411** |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs, pursuant to Rule 15(a) and 15(c) of the Federal Rules of Civil Procedure,

moves for leave of Court to file an Amended Complaint. Further, in support of this Motion,

moving Plaintiff incorporates by reference and rely upon the Memorandum of Law filed

herewith.

Respectfully Submitted

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

| | | |
|---|---|---|
| Steven Wallace (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-411** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### I.   INTRODUCTION

Plaintiff originally filed a Complaint, within state court to which was removed from state court to federal court. *See* Docket No. 1. Plaintiff requests to amend his complaint and is not opposed by the Defense, as opposing Counsel filed and/or would file a motion to dismiss. This would be the first request for a motion for leave to amend Plaintiff's complaint. The Defense does not object to Plaintiff filing this Amended Complaint and/or being granted leave to do so, to correct deficiencies/objections stated in its current/intended Motion to Dismiss and based on the addition of one of Defendant's facilities in Chester County Pennsylvania.

### II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a *"Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."*

Federal Rule of Civil Procedure 15(c)(1)(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.

Federal Rule of Civil Procedure 15(c)(C) "relation back of amendments. The amendment changes the party or naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: and received such notice of the action that it will not

be prejudiced in defending on the merits; and knew or should have known the action would be brought against it, but for a mistake concerning the proper party's identity.

## III.   ARGUMENT

In *Foman v. Davis*, 371 U.S. 178 (1962), the Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The Court noted that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive evidenced by the moving party, or repeated failure to cure deficiencies by amendments previously allowed. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.* "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). The Third Circuit has found "prejudice to the non-moving party is a touchstone for denial of an amendment." *Lorenz*, 1 F.3d at 1414.

In the instant case, plaintiff is filing this motion for leave and the proposed amended complaint solely to address issues raised in the Defendant's motion to dismiss and to add a facility in Chester County Pennsylvania where abuse is alleged to have occurred while Plaintiff was undergoing examination for classification purposes. No other edits and/or modifications were made to Plaintiff's Complaint other than those previously stated.

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully request this Court enter an order granting

Plaintiff's Motion for Leave to File a Third Amended Complaint and grant such further relief as

the Court deems appropriate.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this day, the foregoing was filed with the Clerk of the Court and a copy was sent to the counsel of record at:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 191037

## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsifications and perjury via the applicable state and the United States Code.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

# PROPOSED AMENDED COMPLAINT

## 1. Proposed Amended Complaint

| Steven Wallace (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | **No. 22-cv-411** |

## AMENDED COMPLAINT

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| | |
|---|---|
| **Steven Wallace (Plaintiff),** | : **United States District Court** |
| **v.** | : **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : **No. 22-cv-411** |

## AMENDED COMPLAINT

**AND NOW** come the Plaintiff, Steven Wallace, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.    Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Wallace brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II.     Parties

5. Plaintiff, **Steven Wallace** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III.     Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

### *Steven Wallace's Experience*

10. Plaintiff was placed at VisionQuest in approximately 2009-2010.

11. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

12. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

13. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

    i.   Plaintiff was court ordered to live at VisionQuest in approximately 2009 and/or the beginning of 2010.

    ii.  Female staff members including Ms. Williams and Ms. Kesha, tried on numerous occasions to have sexual contact including intercourse with the Plaintiff and with other students in Plaintiff's presence.

    iii. These female staff members, Ms. Williams and Ms. Kesha, in Plaintiff's housing unit and the chow hall would use their hands to fondle Plaintiff's penis and testicles, underneath his clothing, and against his will.

iv. Plaintiff had his genitals fondled underneath his clothing so frequently by both these staff members, Ms. Williams and Ms. Kesha, he cannot recall the exact number of times it occurred.

v. Plaintiff was given gifts, extra privileges within his program versus other students, in an effort by both Ms. Williams and Ms. Kesha to keep the child abuse hidden.

15. Specifically, regarding staff member(s) **Ms. Williams and/or Ms. Kesha** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

### Count 1 – Negligence (Wallace v. VisionQuest)

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Wallace were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

    a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

    b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

    c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

    d. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

    e. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

    a. Plaintiff has been injured in the form of post-traumatic stress reactions, including adverse reactions to intrusive images, and feels sporadic emotional pain stemming from the sexual abuse;

b. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

a. Immense on-going embarrassment and humiliation;

b. Loss of self-esteem and shame;

c. Emotional distress;

d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

f. Severe mental anguish and trauma;

g. Anxiety, depression, nausea and loss of sleep;

h. A loss of enjoyment of life;

i. A loss of the ability to form relationships and inability to trust others;

j. A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma and;

k. Loss of educational opportunities.

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Wallace demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs

and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 2 – Negligent Supervision, Hiring, and Retention (Wallace v. VisionQuest)

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

27. The staff members' conduct, especially **Ms. Williams and/or Ms. Kesha**, in assaulting Plaintiff Wallace, is so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

   a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

   b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat patients; and

g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs.

**WHEREFORE,** Plaintiff Wallace demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

<u>**Count 3- Respondeat Superior (Wallace v. VisionQuest)**</u>

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

38. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

39. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

40. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

41. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Wallace demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
Date: April 12, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Date: April 12, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Date: April 12, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
Date: April 12, 2022

# EXHIBIT "I"

| | | |
|---|---|---|
| **Aaron Pitts (Plaintiff),** | : | **United States District Court** |
| **v.** | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-680** |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 20____, Plaintiff's Motion for

Leave to Amend Complaint is GRANTED pursuant to F.R.C.P. 15.

**BY THE COURT:**


_____

**Honorable Judge**

| Aaron Pitts (Plaintiff), | : | **United States District Court** |
|---|---|---|
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | No. 22-cv-680 |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs, pursuant to Rule 15(a) and 15(c) of the Federal Rules of Civil Procedure,

moves for leave of Court to file an Amended Complaint. Further, in support of this Motion,

moving Plaintiff incorporates by reference and rely upon the Memorandum of Law filed

herewith.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

| Aaron Pitts (Plaintiff), | : | **United States District Court** |
|---|---|---|
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-680** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### I.    INTRODUCTION

Plaintiff originally filed a Complaint, within state court to which was removed from state court to federal court. *See* Docket No. 1. Plaintiff requests to amend his complaint and is not opposed by the Defense, as opposing Counsel filed and/or would file a motion to dismiss. This would be the first request for a motion for leave to amend Plaintiff's complaint. The Defense does not object to Plaintiff filing this Amended Complaint and/or being granted leave to do so, to correct deficiencies/objections stated in its current/intended Motion to Dismiss and based on the addition of one of Defendant's facilities in Chester County Pennsylvania.

### II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a *"Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Federal Rule of Civil Procedure 15(c)(1)(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.

Federal Rule of Civil Procedure 15(c)(C) "relation back of amendments. The amendment changes the party or naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: and received such notice of the action that it will not

be prejudiced in defending on the merits; and knew or should have known the action would be brought against it, but for a mistake concerning the proper party's identity.

## III.   ARGUMENT

In *Foman v. Davis*, 371 U.S. 178 (1962), the Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The Court noted that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive evidenced by the moving party, or repeated failure to cure deficiencies by amendments previously allowed. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.* "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). The Third Circuit has found "prejudice to the non-moving party is a touchstone for denial of an amendment." *Lorenz*, 1 F.3d at 1414.

In the instant case, plaintiff is filing this motion for leave and the proposed amended complaint solely to address issues raised in the Defendant's motion to dismiss and to add a facility in Chester County Pennsylvania where abuse is alleged to have occurred while Plaintiff was undergoing examination for classification purposes. No other edits and/or modifications were made to Plaintiff's Complaint other than those previously stated.

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully request this Court enter an order granting

Plaintiff's Motion for Leave to File a Third Amended Complaint and grant such further relief as

the Court deems appropriate.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this day, the foregoing was filed with the Clerk of the Court and a copy was sent to the counsel of record at:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 191037

## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsifications and perjury via the applicable state and the United States Code.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

# PROPOSED AMENDED COMPLAINT

## 1. Proposed Amended Complaint

| Aaron Pitts (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-680** |

## AMENDED COMPLAINT

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| Aaron Pitts (Plaintiff), | : | **United States District Court** |
|---|---|---|
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | No. 22-cv-680 |

## AMENDED COMPLAINT

**AND NOW** come the Plaintiff, Aaron Pitts, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.     Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Pitts brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II. Parties

5. Plaintiff, **Aaron Pitts** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III. Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

*Aaron Pitts' Experience*

10. Plaintiff was placed at VisionQuest in approximately 2004-2009.

11. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

12. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

13. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

    i.  Plaintiff was court ordered to live at Vision Quest in approximately 2004 and was sent to the Explorer Unit.

    ii.  Female staff members including Ms. Williams and Ms. Kesha, tried on numerous occasions to have sexual contact including intercourse with the Plaintiff and with other students in Plaintiff's presence.

    i.  These female staff members, Ms. Williams and Ms. Kesha, in Plaintiff's housing unit and the chow hall would use their hands to fondle Plaintiff's penis and testicles, underneath his clothing, and against his will.

ii. Plaintiff had his genitals fondled underneath his clothing so frequently by both these staff members, Ms. Williams and Ms. Kesha, he cannot recall the exact number of times it occurred.

iii. Plaintiff was given gifts, extra privileges within his program versus other students, in an effort by both Ms. Williams and Ms. Kesha to keep the child abuse hidden.

15. Specifically, regarding staff member(s) **Ms. Williams and/or Ms. Kesha** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

### Count 1 – Negligence (Pitts v. VisionQuest)

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Pitts were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

   a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

   b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

   c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

   d. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

   e. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

   a. Plaintiff has been injured in the form of post-traumatic stress reactions, including adverse reactions to intrusive images, and feels sporadic emotional pain stemming from the sexual abuse;

    b. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

    a. Immense on-going embarrassment and humiliation;

    b. Loss of self-esteem and shame;

    c. Emotional distress;

    d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

    e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

    f. Severe mental anguish and trauma;

    g. Anxiety, depression, nausea and loss of sleep;

    h. A loss of enjoyment of life;

    i. A loss of the ability to form relationships and inability to trust others;

    j. A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma and;

    k. Loss of educational opportunities.

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Pitts demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs

and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**Count 2 – Negligent Supervision, Hiring, and Retention (Pitts v. VisionQuest)**

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

27. The staff members' conduct, especially **Ms. Williams and/or Ms. Kesha**, in assaulting Plaintiff Pitts, is so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

   a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

   b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat patients; and

g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs. **WHEREFORE,** Plaintiff Pitts demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 3- Respondeat Superior (Pitts v. VisionQuest)

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

38. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

39. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

40. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

41. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Pitts demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
Date: April 12, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Date: April 12, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Date: April 12, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
Date: April 12, 2022

# EXHIBIT "J"

| Alim Foster (Plaintiff), | : | **United States District Court** |
|---|---|---|
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-682** |

## SECOND AMENDED COMPLAINT

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| Alim Foster (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-682** |

## Second AMENDED COMPLAINT

**AND NOW** come the Plaintiff, Alim Foster, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.     Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Foster brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II.   Parties

5. Plaintiff, **Alim Foster** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III.   Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

### *Alim Foster's Experience*

10. Plaintiff was placed at VisionQuest.

11. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

12. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

13. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

    i. Plaintiff was court ordered to live at VisionQuest in approximately 2004-2006.

    ii. While housed at VisionQuest, Plaintiff was sexually assaulted by a staff member within his unit.

    iii. Plaintiff does not recall this staff member's name, only they were assigned to his unit to supervise him.

    iv. Plaintiff claims this staff member touched his penis and testicles and fondled him underneath his clothing.

    v. Plaintiff claims this same staff member sexually assaulted him in a similar manner as previously described on multiple occasions.

vi.   No other students were present when Plaintiff was sexually assaulted by this staff member on any of the multiple occasions.

vii.   The staff member who sexually assaulted him, tried to prevent Plaintiff from reporting the abuse to any other individuals, including his family, staff members, or employees.

15. Specifically, regarding staff member(s) **Unit Staff Member** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

### Count 1 – Negligence (Foster v. VisionQuest)

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Foster were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

   a.  In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

   b.  In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

   c.  In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

   d.  In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

   e.  In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

   a.  Plaintiff has been injured in the form of post-traumatic stress reactions, including adverse reactions to intrusive images, and feels sporadic emotional pain stemming from the sexual abuse;

b. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

a. Immense on-going embarrassment and humiliation;

b. Loss of self-esteem and shame;

c. Emotional distress;

d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

f. Severe mental anguish and trauma;

g. Anxiety, depression, nausea and loss of sleep;

h. A loss of enjoyment of life;

i. A loss of the ability to form relationships and inability to trust others;

j. A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma and;

k. Loss of educational opportunities.

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Foster demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs

and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**Count 2 – Negligent Supervision, Hiring, and Retention (Foster v. VisionQuest)**

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

27. The staff members' conduct, especially **Unit Staff Member**, in assaulting Plaintiff Foster, is so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

    a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

    b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat patients; and

g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs. **WHEREFORE,** Plaintiff Foster demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 3- Respondeat Superior (Foster v. VisionQuest)

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

38. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

39. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

40. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

41. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Foster demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 14, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Date: April 14, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Date: April 14, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 14, 2022

# EXHIBIT "K"

| Christopher Herd (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **Civil Division - No. 22-cv-976** |

## ORDER

AND NOW, this _____ day of _____, 20\_\_\_\_, Plaintiff's Motion for

Leave to Amend Complaint is GRANTED pursuant to F.R.C.P. 15.

**BY THE COURT:**

_____

**Honorable Judge**

| Christopher Herd (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **Civil Division - No. 22-cv-976** |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs, pursuant to Rule 15(a) and 15(c) of the Federal Rules of Civil Procedure,

moves for leave of Court to file an Amended Complaint. Further, in support of this Motion,

moving Plaintiff incorporates by reference and rely upon the Memorandum of Law filed

herewith.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

| | | |
|---|---|---|
| **Christopher Herd (Plaintiff),** | : | **United States District Court** |
| v. | : | **Eastern District Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **Civil Division - No. 22-cv-976** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### I.     INTRODUCTION

Plaintiff originally filed a Complaint, within state court to which was removed from state court to federal court. *See* Docket No. 1. Plaintiff requests to amend his complaint and is not opposed by the Defense, as opposing Counsel filed and/or would file a motion to dismiss. This would be the first request for a motion for leave to amend Plaintiff's complaint. The Defense does not object to Plaintiff filing this Amended Complaint and/or being granted leave to do so, to correct deficiencies/objections stated in its current/intended Motion to Dismiss and based on the addition of one of Defendant's facilities in Chester County Pennsylvania.

### II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a *"Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Federal Rule of Civil Procedure 15(c)(1)(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.

Federal Rule of Civil Procedure 15(c)(C) "relation back of amendments. The amendment changes the party or naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: and received such notice of the action that it will not

be prejudiced in defending on the merits; and knew or should have known the action would be brought against it, but for a mistake concerning the proper party's identity.

## III. ARGUMENT

In *Foman v. Davis*, 371 U.S. 178 (1962), the Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The Court noted that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive evidenced by the moving party, or repeated failure to cure deficiencies by amendments previously allowed. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.* "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). The Third Circuit has found "prejudice to the non-moving party is a touchstone for denial of an amendment." *Lorenz*, 1 F.3d at 1414.

In the instant case, plaintiff is filing this motion for leave and the proposed amended complaint solely to address issues raised in the Defendant's motion to dismiss and to add a facility in Chester County Pennsylvania where abuse is alleged to have occurred while Plaintiff was undergoing examination for classification purposes. No other edits and/or modifications were made to Plaintiff's Complaint other than those previously stated.

## IV. CONCLUSION

**WHEREFORE**, Plaintiff respectfully request this Court enter an order granting Plaintiff's Motion for Leave to File a Third Amended Complaint and grant such further relief as the Court deems appropriate.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this day, the foregoing was filed with the Clerk of the Court and a

copy was sent to the counsel of record at:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 191037

## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's

knowledge, information and belief and are verified subject to the penalties for unsworn

falsifications and perjury via the applicable state and the United States Code.

Respectfully Submitted,

_____
/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

# PROPOSED AMENDED COMPLAINT

## 1. Proposed Amended Complaint

| Christopher Herd (Plaintiff), | : | United States District Court |
|---|---|---|
| v. | : | Eastern District Pennsylvania |
| VisionQuest National LTD, (Defendant) | : | Civil Division - No. 22-cv-976 |

## SECOND AMENDED COMPLAINT

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| Christopher Herd (Plaintiff), | : | **United States District Court** |
|---|---|---|
| **v.** | : | **Eastern District Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **Civil Division - No. 22-cv-976** |

## SECOND AMENDED COMPLAINT

**AND NOW** come the Plaintiff, Christopher Herd, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.   Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Herd brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II.  Parties

5. Plaintiff, **Christopher Herd** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III.  Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

*Christopher Herd's Experience*

10. Plaintiff was placed at a VisionQuest facility within Pennsylvania.

11. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

12. At all times relevant hereto, Plaintiff was a victim of abuse during his time at Defendant VisionQuest's facility by its staff members, agents, employees, supervisors, administrators, and/or servants.

13. Plaintiff avers Defendant's supervisors and/or administrators knew of rampant abuse occurring at the Defendant's facilities and did not report it as required pursuant to the applicable mandatory child abuse reporting laws.

14. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

15. Plaintiff describes the following incidents involving assault while he was housed at the Defendant's facility:

      i. Plaintiff was court ordered to live at VisionQuest for approximately 2 months between 2000-2004.

      ii. The soccer coach would slap Plaintiff on the buttocks and make comments about his "soft ass".

iii. This same soccer coach would reach into Plaintiff's pants and grab his penis and testicles, and would make statements such as, "I am just checking to see if you got your sports cup on".

iv. The Soccer Coach assaulted and fondled the Plaintiff on so many occasions, he cannot recall the exact number of incidents.

v. The Soccer Coach would make contact with Plaintiff's genitals underneath his clothing.

16. Specifically, regarding staff member(s) **Soccer Coach** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

17. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

18. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

### Count 1 – Negligence (Herd v. VisionQuest)

19. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

20. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

21. The conduct of the staff, especially **Soccer Coach**, during its interactions with the Plaintiff was extremely harmful to Plaintiff.

22. Based on the supervisors and administrators personal participation and knowledge of employee conduct, which included child abuse, and the resultant failure to report to law enforcement agencies as required by mandatory reporters and to otherwise investigate, and stop this conduct caused Plaintiff harm.

23. The damages sustained by Plaintiff Herd were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

    a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

    b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

    c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

    d. In failing to take proper remedial measures to actively combat allegations of sexual abuse by its employees, staff, or residents;

    e. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting

requirement laws applicable to child residential facilities, while Plaintiff was in its care; and

f. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

24. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

a. Plaintiff has been injured in the form of post-traumatic stress reactions, including adverse reactions to intrusive images, and feels sporadic pain stemming from the abuse;

b. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

c. Plaintiff was deprived of educational opportunities, by the Defendant and was not educated by the staff as required and;

25. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

a. Immense on-going embarrassment and humiliation;

b. Loss of self-esteem and shame;

c. Emotional distress;

d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

f. Severe mental anguish and trauma;

g. Anxiety, depression, nausea and loss of sleep;

h. A loss of enjoyment of life;

i. A loss of the ability to form relationships and inability to trust others;

j. A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma;

k. Loss of educational opportunities and;

26. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Herd demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**Count 2 – Negligent Supervision, Hiring, and Retention (Herd v. VisionQuest)**

27. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

28. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

29. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

30. The staff members' conduct, especially **Soccer Coach**, in assaulting Plaintiff Herd, is so outrageous it shocks the conscious.

31. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

32. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

33. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

34. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

35. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

36. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

37. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

  a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

  b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

  c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

  d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

  e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

  f. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

38. Further, Plaintiff avers supervisors, administrators, and other staff members, failed to report child abuse, which is against both VisionQuest policy, and Pennsylvania state law.

39. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs. **WHEREFORE,** Plaintiff Herd demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 3- Respondeat Superior (Herd v. VisionQuest)

40. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

41. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

42. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

43. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

44. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

45. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Herd demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 12, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Date: April 12, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Date: April 12, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
Date: April 12, 2022

# EXHIBIT "L"

| Michael Shields (Plaintiff), | : | **United States District Court** |
|---|---|---|
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | No. 22-cv-00981 |

## ORDER

AND NOW, this _____ day of _____, 20____, Plaintiff's Motion for

Leave to Amend Complaint is GRANTED pursuant to F.R.C.P. 15.

**BY THE COURT:**

_____

**Honorable Judge**

| | | |
|---|---|---|
| Michael Shields (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | No. 22-cv-00981 |

<u>**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**</u>

Plaintiffs, pursuant to Rule 15(a) and 15(c) of the Federal Rules of Civil Procedure,

moves for leave of Court to file an Amended Complaint. Further, in support of this Motion,

moving Plaintiff incorporates by reference and rely upon the Memorandum of Law filed

herewith.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

| Michael Shields (Plaintiff), | : | **United States District Court** |
|---|---|---|
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | **No. 22-cv-00981** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### I. INTRODUCTION

Plaintiff originally filed a Complaint, within state court to which was removed from state court to federal court. *See* Docket No. 1. Plaintiff requests to amend his complaint and is not opposed by the Defense, as opposing Counsel filed and/or would file a motion to dismiss. This would be the first request for a motion for leave to amend Plaintiff's complaint. The Defense does not object to Plaintiff filing this Amended Complaint and/or being granted leave to do so, to correct deficiencies/objections stated in its current/intended Motion to Dismiss and based on the addition of one of Defendant's facilities in Chester County Pennsylvania.

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a "*Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Federal Rule of Civil Procedure 15(c)(1)(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.

Federal Rule of Civil Procedure 15(c)(C) "relation back of amendments. The amendment changes the party or naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: and received such notice of the action that it will not

be prejudiced in defending on the merits; and knew or should have known the action would be brought against it, but for a mistake concerning the proper party's identity.

## III.   ARGUMENT

In *Foman v. Davis*, 371 U.S. 178 (1962), the Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The Court noted that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive evidenced by the moving party, or repeated failure to cure deficiencies by amendments previously allowed. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.* "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). The Third Circuit has found "prejudice to the non-moving party is a touchstone for denial of an amendment." *Lorenz*, 1 F.3d at 1414.

In the instant case, plaintiff is filing this motion for leave and the proposed amended complaint solely to address issues raised in the Defendant's motion to dismiss and to add a facility in Chester County Pennsylvania where abuse is alleged to have occurred while Plaintiff was undergoing examination for classification purposes. No other edits and/or modifications were made to Plaintiff's Complaint other than those previously stated.

## IV. CONCLUSION

**WHEREFORE**, Plaintiff respectfully request this Court enter an order granting Plaintiff's Motion for Leave to File a Third Amended Complaint and grant such further relief as the Court deems appropriate.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this day, the foregoing was filed with the Clerk of the Court and a

copy was sent to the counsel of record at:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 191037

## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's

knowledge, information and belief and are verified subject to the penalties for unsworn

falsifications and perjury via the applicable state and the United States Code.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

# PROPOSED AMENDED COMPLAINT

## 1. Proposed Amended Complaint

| Michael Shields (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-00981** |

## AMENDED COMPLAINT

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| Michael Shields (Plaintiff), | : | **United States District Court** |
|---|---|---|
| **v.** | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-00981** |

### AMENDED COMPLAINT

**AND NOW** come the Plaintiff, Michael Shields, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.    Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Shields brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II. Parties

5. Plaintiff, **Michael Shields** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III. Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

### *Michael Shields's Experience*

10. Plaintiff was placed at VisionQuest in approximately 2009.

11. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

12. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

13. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

     i. Plaintiff was court ordered to live at VisionQuest.

     ii. While housed at VisionQuest, Plaintiff was sexually assaulted by a staff member within his unit.

     iii. Plaintiff describes the staff member as a black male, with a beard, who was from Youngstown, Ohio.

     iv. On one occasion Plaintiff stated to this staff member his dislike of being called names and was smacked with an open hand in the face, slammed to the ground, and while on the ground this staff member groped Plaintiff by touching his genitals and while Plaintiff was not physically resisting this

staff member, the employee continued to restrain and fondle Plaintiff's genitals causing Plaintiff extreme pain.

v. Another staff member intervened after a few minutes and stopped the sexual assault.

vi. Plaintiff was not offered any medical attention.

vii. Plaintiff does not believe this incident was ever reported to law enforcement and/or the mandated child abuse authorities.

15. Specifically, regarding staff member(s) **Unit Staff Member** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

**Count 1 – Negligence (Shields v. VisionQuest)**

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Shields were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

   a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

   b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

   c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

   d. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

   e. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

   a. Plaintiff has been injured in the form of post-traumatic stress reactions, including adverse reactions to intrusive images, and feels sporadic emotional pain stemming from the sexual abuse;

    b.  Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

    a.  Immense on-going embarrassment and humiliation;

    b.  Loss of self-esteem and shame;

    c.  Emotional distress;

    d.  Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

    e.  Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

    f.  Severe mental anguish and trauma;

    g.  Anxiety, depression, nausea and loss of sleep;

    h.  A loss of enjoyment of life;

    i.  A loss of the ability to form relationships and inability to trust others;

    j.  A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma and;

    k.  Loss of educational opportunities.

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Shields demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs

and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**Count 2 – Negligent Supervision, Hiring, and Retention (Shields v. VisionQuest)**

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

27. The staff members' conduct, especially **Unit Staff Member**, in assaulting Plaintiff Shields, is so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

    a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

    b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat patients; and

g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs. **WHEREFORE,** Plaintiff Shields demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 3- Respondeat Superior (Shields v. VisionQuest)

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

38. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

39. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

40. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

41. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Shields demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

_____

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 11, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: April 11, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: April 11, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 11, 2022

# EXHIBIT "M"

| | | |
|---|---|---|
| **Eugene Mincy (Plaintiff),** | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-01047** |

## ORDER

AND NOW, this _____ day of _____, 20_____, Plaintiff's Motion for

Leave to Amend Complaint is GRANTED pursuant to F.R.C.P. 15.

**BY THE COURT:**


_____

**Honorable Judge**

| Eugene Mincy (Plaintiff), | : | **United States District Court** |
|---|---|---|
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-01047** |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs, pursuant to Rule 15(a) and 15(c) of the Federal Rules of Civil Procedure,

moves for leave of Court to file an Amended Complaint. Further, in support of this Motion,

moving Plaintiff incorporates by reference and rely upon the Memorandum of Law filed

herewith.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

| Eugene Mincy (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-01047** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### I.   INTRODUCTION

Plaintiff originally filed a Complaint, within state court to which was removed from state court to federal court. *See* Docket No. 1. Plaintiff requests to amend his complaint and is not opposed by the Defense, as opposing Counsel filed and/or would file a motion to dismiss. This would be the first request for a motion for leave to amend Plaintiff's complaint. The Defense does not object to Plaintiff filing this Amended Complaint and/or being granted leave to do so, to correct deficiencies/objections stated in its current/intended Motion to Dismiss and based on the addition of one of Defendant's facilities in Chester County Pennsylvania.

### II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a *"Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Federal Rule of Civil Procedure 15(c)(1)(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.

Federal Rule of Civil Procedure 15(c)(C) "relation back of amendments. The amendment changes the party or naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: and received such notice of the action that it will not

be prejudiced in defending on the merits; and knew or should have known the action would be brought against it, but for a mistake concerning the proper party's identity.

### III.   ARGUMENT

In *Foman v. Davis*, 371 U.S. 178 (1962), the Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id*. at 230. The Court noted that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive evidenced by the moving party, or repeated failure to cure deficiencies by amendments previously allowed. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.* "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). The Third Circuit has found "prejudice to the non-moving party is a touchstone for denial of an amendment." *Lorenz*, 1 F.3d at 1414.

In the instant case, plaintiff is filing this motion for leave and the proposed amended complaint solely to address issues raised in the Defendant's motion to dismiss and to add a facility in Chester County Pennsylvania where abuse is alleged to have occurred while Plaintiff was undergoing examination for classification purposes. No other edits and/or modifications were made to Plaintiff's Complaint other than those previously stated.

## IV. CONCLUSION

**WHEREFORE**, Plaintiff respectfully request this Court enter an order granting Plaintiff's Motion for Leave to File a Third Amended Complaint and grant such further relief as the Court deems appropriate.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this day, the foregoing was filed with the Clerk of the Court and a

copy was sent to the counsel of record at:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 191037

## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's

knowledge, information and belief and are verified subject to the penalties for unsworn

falsifications and perjury via the applicable state and the United States Code.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

# PROPOSED AMENDED COMPLAINT

## 1. Proposed Amended Complaint

| Eugene Mincy (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | No. 22-cv-01047 |

## AMENDED COMPLAINT

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| | | |
|---|---|---|
| **Eugene Mincy (Plaintiff),** | : | **United States District Court** |
| **v.** | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-01047** |

## AMENDED COMPLAINT

**AND NOW** come the Plaintiff, Eugene Mincy, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.   Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Mincy brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II. Parties

5. Plaintiff, **Eugene Mincy** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III. Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

### *Eugene Mincy's Experience*

10. Plaintiff was placed at VisionQuest in approximately 2006-2007.

11. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

12. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

13. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

    i. Plaintiff was court ordered to live at VisionQuest from about 2006-2007.

    ii. While housed at the Defendant's facility, staff members including **Ms. Nesbit, a female nurse, and Mr. Kramer** assaulted Plaintiff.

    iii. Plaintiff describes the unnamed nurse at Defendant's facility as a white, female, in her late 30s-early 40s, "built like a linebacker", with a large torso and thin legs, with blonde shoulder length hair, a tattoo on her arm, and with light colored eyes.

    iv. Ms. Nesbit, would take Plaintiff into a staff only area behind the school/classroom area where the cold storage was located and would sexually assault the Plaintiff.

v. In this area Ms. Nesbit would sexually assault Plaintiff in numerous manners, including engaging in touching each other's genitals, oral sex, and intercourse.

vi. Ms. Nesbit engaged in sexual intercourse with the Plaintiff on 3-5 occasions.

vii. Plaintiff does not recall the number of times Ms. Nesbit sexually assaulted outside the incidents where intercourse occurred.

viii. Plaintiff was sometimes not the only student present when Ms. Nesbit engaged in sexual contact with him, and Ms. Nesbit also had sexual contact with other students in front of and while also assaulting Plaintiff.

ix. Ms. Nesbit used to tell Plaintiff she wanted to have anal sex and if he did not comply with her requests he would suffer negative consequences.

x. Ms. Nesbit told Plaintiff he would not get a "home pass" and she would ensure he got sentenced to a juvenile life imprisonment term, if he did not comply with her demands and/or revealed the abuse to anyone person.

xi. Plaintiff was also sexually assaulted by the aforementioned female nurse.

xii. Plaintiff while in his living unit, was in regular contact with the nurse and she made him help her cook food in the staff areas, which were either in and/or adjacent to the cold storage area where Plaintiff was sexually assaulted by Ms. Nesbit.

xiii. In the process of cooking food with Plaintiff, the nurse would engage in sexual contact including each other's genitals, oral sex, and intercourse.

xiv.  The nurse and Plaintiff had sexual intercourse so many times, Plaintiff does not recall the exact number.

xv.  Plaintiff was sexually assaulted by the nurse, outside of engaging in sexual intercourse, so many times, Plaintiff does not recall the exact number.

xvi.  The nurse used to tell Plaintiff whenever she wanted to have sex contact if he did not comply with her requests, he would suffer negative consequences.

xvii.  The nurse told Plaintiff he would not get a "home pass" and she would ensure he got sentenced to a juvenile life imprisonment term, if he did not comply with her demands and/or revealed the abuse to anyone person.

xviii.  Mr. Kramer was a staff member assigned to Plaintiff's unit and also engaged in sexual abuse of Plaintiff.

xix.  Plaintiff told counselor and staff member, Darcy Klein about the sexual and abuse he endured after each incident.

xx.  Ms. Klein informed Plaintiff she knew about the abuse he suffered in addition to sexual abuse many other students were enduring by the same staff members.

xxi.  Subsequently, Darcy Klein left her employment position with Defendant, while Plaintiff remained housed at the facility.

xxii.  Plaintiff avers none of the sexual abuse incidents herein described or which otherwise occurred were reported to either law enforcement agents and/or the appropriate child abuse authorities.

15. Specifically, regarding staff member(s) **Ms. Nesbit, and the female nurse** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual(s).

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

### Count 1 – Negligence (Mincy v. VisionQuest)

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Mincy were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

   a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

d. In failing to take proper remedial measures to actively combat allegations of sexual abuse by its employees, staff, or residents although there were numerous allegations of such abuse;

e. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

f. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

a. Plaintiff has been injured in the form of post-traumatic stress reactions, including adverse reactions to intrusive images, and feels sporadic emotional pain stemming from the sexual abuse;

b. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

a. Immense on-going embarrassment and humiliation;

b. Loss of self-esteem and shame;

c. Emotional distress;

d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

f. Severe mental anguish and trauma;

g. Anxiety, depression, nausea and loss of sleep;

h. A loss of enjoyment of life;

i. A loss of the ability to form relationships and inability to trust others;

j. A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma;

k. Loss of educational opportunities and;

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Mincy demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs

and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**Count 2 – Negligent Supervision, Hiring, and Retention (Mincy v. VisionQuest)**

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

27. The staff members' conduct, especially **Ms. Nesbit, a female nurse, and Mr. Kramer**, in assaulting Plaintiff Mincy, is so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

    a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

    b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat patients; and

g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs. **WHEREFORE,** Plaintiff Mincy demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 3- Respondeat Superior (Mincy v. VisionQuest)

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

38. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

39. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

40. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

41. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

WHEREFORE, Plaintiff Mincy demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

D. Wesley Cornish, Esquire

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 11, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Date: April 11, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
Date: April 11, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
Date: April 11, 2022

# EXHIBIT "N"

| Hakim Hayes (Plaintiff),<br>v.<br>VisionQuest National LTD, (Defendant) | :<br>:<br>: | **United States District Court**<br>**Eastern District of Pennsylvania**<br>No. 22-cv-1264 |

## ORDER

AND NOW, this _____ day of _____, 20____, Plaintiff's Motion for

Leave to Amend Complaint is GRANTED pursuant to F.R.C.P. 15.

**BY THE COURT:**

_____

**Honorable Judge**

| | | |
|---|---|---|
| **Hakim Hayes (Plaintiff),** | : | **United States District Court** |
| **v.** | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-1264** |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs, pursuant to Rule 15(a) and 15(c) of the Federal Rules of Civil Procedure,

moves for leave of Court to file an Amended Complaint. Further, in support of this Motion,

moving Plaintiff incorporates by reference and rely upon the Memorandum of Law filed

herewith.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

| | | |
|---|---|---|
| **Hakim Hayes (Plaintiff),** | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 22-cv-1264** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### I.   INTRODUCTION

Plaintiff originally filed a Complaint, within state court to which was removed from state court to federal court. *See* Docket No. 1. Plaintiff requests to amend his complaint and is not opposed by the Defense, as opposing Counsel filed and/or would file a motion to dismiss. This would be the first request for a motion for leave to amend Plaintiff's complaint. The Defense does not object to Plaintiff filing this Amended Complaint and/or being granted leave to do so, to correct deficiencies/objections stated in its current/intended Motion to Dismiss and based on the addition of one of Defendant's facilities in Chester County Pennsylvania.

### II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a *"Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Federal Rule of Civil Procedure 15(c)(1)(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.

Federal Rule of Civil Procedure 15(c)(C) "relation back of amendments. The amendment changes the party or naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: and received such notice of the action that it will not

be prejudiced in defending on the merits; and knew or should have known the action would be brought against it, but for a mistake concerning the proper party's identity.

## III.   ARGUMENT

In *Foman v. Davis*, 371 U.S. 178 (1962), the Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The Court noted that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive evidenced by the moving party, or repeated failure to cure deficiencies by amendments previously allowed. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.* "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). The Third Circuit has found "prejudice to the non-moving party is a touchstone for denial of an amendment." *Lorenz*, 1 F.3d at 1414.

In the instant case, plaintiff is filing this motion for leave and the proposed amended complaint solely to address issues raised in the Defendant's motion to dismiss and to add a facility in Chester County Pennsylvania where abuse is alleged to have occurred while Plaintiff was undergoing examination for classification purposes. No other edits and/or modifications were made to Plaintiff's Complaint other than those previously stated.

## IV. CONCLUSION

**WHEREFORE**, Plaintiff respectfully request this Court enter an order granting

Plaintiff's Motion for Leave to File a Third Amended Complaint and grant such further relief as

the Court deems appropriate.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this day, the foregoing was filed with the Clerk of the Court and a

copy was sent to the counsel of record at:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 191037

## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's

knowledge, information and belief and are verified subject to the penalties for unsworn

falsifications and perjury via the applicable state and the United States Code.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: April 11, 2022

# PROPOSED AMENDED COMPLAINT

## 1. Proposed Amended Complaint

| | | |
|---|---|---|
| Hakim Hayes (Plaintiff), | : | **United States District Court** |
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | **No. 22-cv-1264** |

## AMENDED COMPLAINT

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**JURY TRIAL DEMANDED**

| Hakim Hayes (Plaintiff), | : | **United States District Court** |
|---|---|---|
| v. | : | **Eastern District of Pennsylvania** |
| VisionQuest National LTD, (Defendant) | : | **No. 22-cv-1264** |

## AMENDED COMPLAINT

**AND NOW** come the Plaintiff, Hakim Hayes, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.     Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Hayes brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II.     Parties

5. Plaintiff, **Hakim Hayes** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III.     Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

### *Hakim Hayes's Experience*

10. Plaintiff was placed at VisionQuest in approximately 2008-2009.

11. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

12. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

13. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

    i. Plaintiff was court ordered to live at VisionQuest.

    ii. While housed at the Defendant's facility, staff members including Mr. Will and Mr. Artavious assaulted Plaintiff.

    iii. Plaintiff resided in Delta, Bravo, and Alpha residential units while at Defendant's facility.

    iv. While at sporting events, Mr. Will slapped Plaintiff on his buttocks on the outside of his clothing, and so often, Plaintiff is unable to recall the exact number of overall incidents.

v.   Mr. Will slapped Plaintiff's buttocks outside his clothing, and in front of hundreds of other students and staff members, including supervisors and administrators.

vi.   Mr. Will would also in the Plaintiff's residence hall, fondle his genitals, inside the Plaintiff's pants.

vii.   Mr. Will fondled the Plaintiff's genitals in a similar manner as previously described on numerous occasions.

viii.   When Plaintiff tried to report all the sexual abuse by Mr. Will, Plaintiff was prevented from doing so by Mr. Will and Mr. Artavious, a supervisor.

15. Specifically, regarding staff member(s) **Mr. Will** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

### Count 1 – Negligence (Hayes v. VisionQuest)

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55

Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. The damages sustained by Plaintiff Hayes were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

   a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

   b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

   c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

   d. In failing to provide any oversight to the employees or staff given the written reports, complaints, and witnessing of these acts of sexual abuse conducted by supervisors and administrators;

   e. In failing to take proper remedial measures to actively combat allegations of sexual abuse by its employees, staff, or residents despite numerous allegations of such abuse;

   f. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting

requirement laws applicable to child residential facilities, while Plaintiff was in its care;

g. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

21. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

a. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

b. Plaintiff was deprived of educational opportunities, by the Defendant and;

22. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

a. Immense on-going embarrassment and humiliation;

b. Loss of self-esteem and shame;

c. Emotional distress;

d. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

e. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

f. Severe mental anguish and trauma;

g. Anxiety, depression, nausea and loss of sleep;

h. A loss of enjoyment of life;

i. A loss of the ability to form relationships and inability to trust others;

j.  A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma;

k.  Loss of educational opportunities and;

23. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Hayes demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**Count 2 – Negligent Supervision, Hiring, and Retention (Hayes v. VisionQuest)**

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

27. The staff members' conduct, especially **Mr. Will and Mr. Artavious**, in assaulting Plaintiff Hayes, is so outrageous it shocks the conscious.

28. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

29. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

30. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

31. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

32. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

33. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

34. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

    a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for

Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

c. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat clients; and

g. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

35. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs.

**WHEREFORE,** Plaintiff Hayes demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 3- Respondeat Superior (Hayes v. VisionQuest)

36. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

37. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

38. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

39. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

40. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

41. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Hayes demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

_____

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 13, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: April 13, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: April 13, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: April 13, 2022